1  Lee A. Cirsch (SBN 227668)
   Lee.Cirsch@capstonelawyers.com
2  Robert K. Friedl (SBN 134947)
   Robert.Friedl@capstonelawyers.com
3  Trisha K. Monesi (SBN 303512)
   Trisha.Monesi@capstonelawyers.com
4  Capstone Law APC
   1875 Century Park East, Suite 1000
5  Los Angeles, California 90067
   Telephone:  (310) 556-4811
6  Facsimile:  (310) 943-0396

7
   Attorneys for Plaintiff
8  Carlos Barrios

9
                  UNITED STATES DISTRICT COURT
10
                 CENTRAL DISTRICT OF CALIFORNIA
11

12  CARLOS BARRIOS, individually,      Case No.:
    and on behalf of a class of similarly
13  situated individuals,              **CLASS ACTION COMPLAINT
                                       FOR:**
14              Plaintiff,
                                       (1)  Violations of Unfair Competition
15      v.                                  Law, California Business &
                                            Professions Code § 17200 *et seq.*
16  ZICO BEVERAGES LLC, a              (2)  Violations of False Advertising
    Delaware limited liability company,     Law, California Business &
17                                          Professions Code § 17500
                Defendant.             (3)  Violations of California's
18                                          Consumers Legal Remedies Act

19                                     **DEMAND FOR JURY TRIAL**

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

1.      Plaintiff Carlos Barrios ("Plaintiff") brings this action for himself and on behalf of all persons in the United States who purchased one or more containers of Zico 100% Coconut Water with the phrase "No Sugar Added" on its label or outer packaging ("Zico Coconut Water") created, manufactured, distributed, marketed, and/or sold by Zico Beverages, LLC and DOES 1-10 ("Defendant" or "Zico").

2.      Plaintiff's action arises out of the unlawful "No Sugar Added" statements placed by Defendant on the labels and outer packaging of its Zico Coconut Water products.  The Food and Drug Administration ("FDA") regulations promulgated pursuant to the Food, Drug, and Cosmetics Act of 1938 ("FDCA") specify the precise nutrient content claims concerning sugar that may be made on a food label. 21 C.F.R. § 101, Subpart D.  Defendant's "No Sugar Added" claims on its Zico Coconut Water containers fail to comply with these requirements, as set forth below.  As a result, Defendant has violated California's Sherman Law and consumer protection statutes, which wholly adopt the federal requirements.

3.      In addition to violating FDA regulations, Defendant's "No Sugar Added" claims constitute flat-out false advertising under California's False Advertising Law because, on information and belief, Zico 100% Coconut Water does, in fact, contain added sugars.

4.      In the United States more than one-third of adults are obese, and approximately seventeen percent of children and adolescents are obese.  The obesity epidemic has been fueled, in part, by increased consumption of foods high in sugar.  Obesity and excess sugar consumption, in turn, have been linked to a variety of health problems, including, but not limited to, heart disease, tooth decay and diabetes.  As a result, consumers have become increasingly sugar

CLASS ACTION COMPLAINT

conscious and attach importance to the statement "No Sugar Added" on the labels of food products.

5.     On information and belief, Defendant's Zico Coconut Water is among the most widely-distributed and purchased coconut water products in the United States.

6.     To profit from consumers' well-placed and increasing focus on sugar consumption, Defendant has prominently featured a "No Sugar Added" statement on the front label of its Zico Coconut Water containers.  The images below depict the "No Sugar Added" statement as featured on the label ("No Sugar Added Label"):



CLASS ACTION COMPLAINT




7.    The FDA forbids the use of "No Sugar Added" claims unless the product making such claim meets the following criteria:

(i) **No amount of sugars**, as defined in 101.9(c)(6)(ii), or any other ingredient that contains sugars that functionally substitute for added sugars **is added during processing or packaging**; and

(ii) The **product does not contain an ingredient containing added sugars** such as jam, jelly, or concentrated fruit juice; and

(iii) The **sugars content has not been increased above the amount present in the ingredients by some means** such as the use of enzymes,

except where the intended functional effect of the process is not to increase the sugars content of a food, and a functionally insignificant increase in sugars results; and

(iv) **The food that it resembles and for which it substitutes normally contains added sugars**; and

(v) The **product bears a statement that the food is not "low calorie" or "calorie reduced"** (unless the food meets the requirements for a "low" or "reduced calorie" food) **and that directs consumers' attention to the nutrition panel for further information on sugar and calorie content**.[1]

8.    Further, the FDA has stated that, "[i]n implementing the guidelines, the purpose of the 'no added sugar' claim is to present consumers with information that allows them to differentiate between similar foods that would normally be expected to contain added sugars, with respect to the presence or absence of added sugars.[2]

9.    Thus, Defendant's No Sugar Added claims on Zico Coconut Water are in violation of FDA and state regulations because:

a.    Sugar, or any other ingredient that contains sugars that functionally substitute for added sugars, is added during processing or packaging (21 C.F.R. § 101.60(c)(i)); and

b.    The Zico Coconut Water does not resemble and substitute for a food that normally contains added sugars, including, without limitation, pure, or 100%, orange juice (21 C.F.R. § 101.60(c)(iv)).

10.    Further, Defendant's No Sugar Added claims on Zico Coconut Water constitute false advertising separate and apart from the FDA's regulations

---

[1] *See* 21 C.F.R. § 101.60(c)(2)(emphasis added).

[2] 58 Fed. Reg. 2302, 2327 (Jan. 6, 1993).

CLASS ACTION COMPLAINT

because, on information and belief, Zico Coconut Water does, in fact, contain added sugars.

11.    As a result of their reliance on Defendant's unlawful sugar-content labeling claims, Plaintiff and Class Members have suffered an ascertainable loss of money, including, but not limited to, out of pocket costs incurred in purchasing the Zico Coconut Water.  Further, as a result of its deceptive marketing and unfair competition with other similar manufacturers and brands, Zico Beverages LLC realized sizable profits.

## PARTIES

**Plaintiff Carlos Barrios**

12.    Plaintiff Carlos Barrios is a citizen and resident of the State of California, County of Solano.  During the class period alleged herein, Plaintiff purchased one or more bottles of Zico Coconut Water in Suisun City, California.

13.    Prior to purchasing the Zico Coconut Water, Plaintiff observed the illegal and deceptive "No Sugar Added" claim on the front label.  Plaintiff also observed advertisements for Zico Coconut Water stating the products contained no added sugar.

14.    Plaintiff reasonably relied on Defendant's "No Sugar Added" claims in deciding to purchase Zico Coconut Water over other competing products and Defendant's "No Sugar Added" claims were important to Plaintiff in making his purchase decision due to health concerns, including lowering sugar consumption.

15.    If the Zico Coconut Water did not include the illegal and deceptive "No Sugar Added" claim on the label, Plaintiff would not have purchased it or would have paid less for it.

**Defendant**

16.    Defendant ZICO BEVERAGES, LLC is a Delaware limited liability corporation, organized and existing under the laws of the State of Delaware and

registered to conduct business in California.  Defendant ZICO BEVERAGES, LLC's Corporate Headquarters are located at 2101 E. El Segundo Blvd., Suite 403, El Segundo, CA 90245, which is in Los Angeles County.

17.    At all relevant times, Defendant was and is engaged in the business of testing, manufacturing, packaging, advertising, distributing, and selling Zico Coconut Water in Los Angeles County and throughout the United States of America

## **JURISDICTION**

18.    This is a class action.

19.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution or laws of the United States and the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) and (6), in that, as to each Class defined herein:

    a.  the matter in controversy exceeds $5,000,000.00, exclusive of interest and costs;

    b.  this is a class action involving 100 or more class members; and

    c.  this is a class action in which at least one member of the Plaintiff class is a citizen of a State different from at least one Defendant.

20.    The Court has personal jurisdiction over Defendant, which has at least minimum contacts with the State of California because it has conducted business there and has availed itself of California's markets through the testing, manufacturing, packaging, advertising, distributing, and selling of Zico Coconut Water and other similar products.

## **VENUE**

21.    Zico Beverages, LLC, through its business of testing, manufacturing, packaging, advertising, distributing, and selling Zico Coconut Water , has established sufficient contacts in this district such that personal

jurisdiction is appropriate.  Defendant is deemed to reside in this district pursuant to 28 U.S.C. § 1391(a).

19.     In addition, a substantial part of the events or omissions giving rise to these claims and a substantial part of the property that is the subject of this action are in this district.  Further, Plaintiff's Declaration, as required under California Civil Code §1780(d) (but not pursuant to *Erie* and federal procedural rules), reflects that a substantial part of the events or omissions giving rise to the claims alleged herein occurred, or a substantial part of property that is the subject of this action, is situated in Los Angeles County, California.  It is attached as **Exhibit 1.**

20.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

## FACTUAL ALLEGATIONS

22.     Due to health concerns, U.S. consumers are increasingly more aware of their sugar consumption and, as such, attach great importance to "No Sugar Added" and other sugar-content claims on food and beverage product labeling.

23.     To profit from consumers' well-placed and increased focus on minimizing sugar consumption, Defendant has prominently featured a "No Sugar Added" claim on the front and side labels of its Zico Coconut Water packaging as well as throughout its website and other marketing materials, as depicted above.

24.     However, the FDA forbids the use of "No Sugar Added" claims unless the product making such claim meets the following criteria:

(i) **No amount of sugars**, as defined in 101.9(c)(6)(ii), or any other ingredient that contains sugars that functionally substitute for added sugars **is added during processing or packaging**; and

(ii) The **product does not contain an ingredient containing added sugars** such as jam, jelly, or concentrated fruit juice; and

(iii) **The sugars content has not been increased above the amount present in the ingredients by some means** such as the use of enzymes, except where the intended functional effect of the process is not to increase the sugars content of a food, and a functionally insignificant increase in sugars results; and

(iv) **The food that it resembles and for which it substitutes normally contains added sugars**; and

(v) **The product bears a statement that the food is not "low calorie" or "calorie reduced"** (unless the food meets the requirements for a "low" or "reduced calorie" food) **and that directs consumers' attention to the nutrition panel for further information on sugar and calorie content.**

25.    Further, the FDA has stated that, "[i]n implementing the guidelines, the purpose of the 'no added sugar' claim is to present consumers with information that allows them to differentiate between similar foods that would normally be expected to contain added sugars, with respect to the presence or absence of added sugars.  Therefore, the 'no added sugar' claim is not appropriate to describe foods that do not normally contain added sugars."

26.    Thus, Defendant's No Sugar Added claims on Zico Coconut Water are in violation of FDA and state regulations because:

a.  Sugar, or any other ingredient that contains sugars that functionally substitute for added sugars, is added during processing or packaging (21 C.F.R. § 101.60(c)(i)); and

b.   The Zico Coconut Water does not resemble and substitute for a food that normally contains added sugars, including, without limitation, pure, or 100%, orange juice (21 C.F.R. § 101.60(c)(iv).

27.    On information and belief, in 2016 and 2017, ingredient analysis

performed by various laboratories in the United States confirmed that Zico Coconut Water contains sugars that are not naturally occurring in pure coconut water and were therefore added during the processing and/or packaging of Zico Coconut Water.

28.    As a result of their reliance on Defendant's unlawful sugar-content labeling claims, Plaintiff and Class Members have suffered an ascertainable loss of money, including, but not limited to, out of pocket costs incurred in purchasing the Zico Coconut Water.  Further, as a result of its deceptive marketing and unfair competition with other similar manufacturers and brands, Zico Beverages LLC realized sizable profits.

## CLASS ACTION ALLEGATIONS

29.    Plaintiff brings this lawsuit as a class action on behalf of himself and all others similarly situated as members of the proposed Class pursuant to pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), 23(b)(3), and 23(c)(4). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

30.    The class and sub-classes Plaintiff seeks to represent (the "Class Members") are defined as follows:

> **Nationwide Class**:    All individuals in the United States who purchased one or more containers of Zico Coconut Water containing a "No Sugar Added" claim on the label or other packaging at any time between four years prior to the filing of this complaint until the date of certification (the "Nationwide Class").

> **California Sub-Class**: All members of the Nationwide Class who reside in the State of California (the "California Sub-Class").

> **CLRA Sub-Class**: All members of the California Sub-Class who are "consumers" within the meaning of California Civil Code § 1761(d) (the "CLRA Sub-

Class").

31.    Excluded from the Class are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; (3) any Judge sitting in the presiding state and/or federal court system who may hear an appeal of any judgment entered; and (4) those persons who have suffered personal injuries as a result of the facts alleged herein.  Plaintiff reserves the right to amend the Class and Sub-Class definitions if discovery and further investigation reveal that the Class or Sub-Class should be expanded or otherwise modified.

32.    There is a well-defined community of interest in the litigation and the Class is readily ascertainable.

33.    Numerosity:  Although the exact number of prospective Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable.  The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court.  The Class Members are readily identifiable from information and records in Defendant's possession, custody, or control.

34.    Typicality:  Plaintiff's claims are typical of the claims of the Class in that Plaintiff, like all Class Members, has purchased one or more Zico Coconut Water products containing a "No Sugar Added" claim on its label or other packaging within the applicable class period.    The representative Plaintiff, like all Class Members, has been damaged by Defendant's misconduct in that they have incurred expenses due to their reliance on Defendant's labeling of its Zico Coconut Water, as described throughout this complaint.  Furthermore, the factual bases of Defendant's misconduct are common to all Class Members and represent a common thread resulting in injury to all Class Members.

35.  <u>Commonality</u>:  There are numerous questions of law and fact common to Plaintiff and the Class that predominate over any question affecting only individual Class Members.  These common legal and factual issues include the following:

(a)  Whether Defendant engaged in unlawful, unfair or deceptive business practices by failing to properly package and label food products sold to consumers;

(b)  Whether the food products at issue were misbranded as a matter of law;

(c)  Whether Defendant labeled certain food and beverage products with "No Sugar Added" claims;

(d)  Whether Defendant made false, misleading and/or untrue statements via its labeling;

(e)  Whether Defendant violated the California Consumers Legal Remedies Act (Cal. Civil Code §§ 1750 *et seq.*);

(f)  Whether Defendant violated California Business & Professions Code §§ 17200 *et seq.*;

(g)  Whether Defendant violated California Business & Professions Code §§ 17500 *et seq.*;

(h)  Whether Defendant violated the Sherman Food, Drug, and Cosmetic Law (Health & Saf. Code, §§ 109875 *et seq.*);

(i)  Whether Plaintiff and the Class are entitled to equitable and/or injunctive relief;

(j)  Whether Plaintiff and the Class are entitled to damages;

(k)  Whether Defendant's unlawful, unfair and/or deceptive practices harmed Plaintiff and the Class;

(l)  Whether Defendant knew or reasonably should have known of the

CLASS ACTION COMPLAINT

deceptive labeling claims relating to its Zico Coconut Water; and

(m)    Whether Defendant is obligated to inform Class Members of their right to seek reimbursement for having paid for Zico Coconut Water in reliance on Defendant's misrepresentations.

36.    Adequate Representation:  Plaintiff will fairly and adequately protect the interests of the Class Members.  Plaintiff has retained attorneys experienced in the prosecution of class actions, including consumer and product defect class actions, and Plaintiff intends to prosecute this action vigorously.

37.    Predominance and Superiority:  Plaintiff and the prospective Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.  Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct.  Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy.  Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants, and will promote consistency and efficiency of adjudication.

## FIRST CAUSE OF ACTION

### (Violation of California Business & Professions Code § 17200 *et seq*.)

38.    Plaintiff brings this cause of action on behalf of himself and on behalf of the Nationwide Class, or in the alternative, on behalf of himself and on behalf of the California Sub-Class.

39.   As a result of their reliance on Defendant's misrepresentations and
omissions, Class Members suffered an ascertainable loss of money, property,
and/or value of their Zico Coconut Water.

40.   California Business & Professions Code § 17200 prohibits acts of
"unfair competition," including any "unlawful, unfair or fraudulent business act
or practice" and "unfair, deceptive, untrue or misleading advertising."

41.   Plaintiff and Class Members are reasonable consumers who expect
manufacturers, like Zico Beverages LLC, to provide accurate and truthful
representations regarding the sugar content contained in their products,
especially as compared to those in competitors' similar products.  Further,
reasonable consumers, like Plaintiff, rely on the representations made by
manufacturers regarding products' sugar content in determining whether to
purchase the particular products and consider that information important to their
purchase decision.

42.   In failing to properly label its Zico Coconut Water, Defendant has
knowingly and intentionally misrepresented material facts and breached their
duty not to do so.  In addition, Defendant's use of "No Sugar Added" claims
constitutes a "fraudulent" business practice or act within the meaning of
Business and Professions Code Sections 17200 *et seq*.  The applicable food
labeling regulations are carefully crafted to require that nutritional content claims
be presented in a qualified and contextualized manner to protect the consuming
public from being deceived.  Defendant's non-compliant sugar content labeling,
as described above, is an unqualified nutritional content claim that poses the very
risk of deception the regulations were promulgated to protect against.

43.   If the Zico Coconut Water had not included the illegal and deceptive
"No Sugar Added" claim on the label, Plaintiff and Class Members would not
have purchased the Zico Coconut Water or would have paid less for it.

44.     Defendant's conduct was and is likely to deceive consumers.

45.     Defendant's acts, conduct and practices were unlawful, in that they constituted:

        (a) Violations of California's Consumers Legal Remedies Act;

        (b) Violations of California's False Advertising Law;

        (c) Violations of California's Sherman Law; and

        (d) Violations of the Federal Food Drug & Cosmetic Act;

46.     By their conduct, Defendant has engaged in unfair competition and unlawful, unfair, and fraudulent business practices.

47.     Defendant's unfair or deceptive acts or practices occurred repeatedly in Defendant's trade or business, and were capable of deceiving a substantial portion of the purchasing public.

48.     As a direct and proximate result of Defendant's unfair and deceptive practices, Plaintiff and the Class have suffered and will continue to suffer actual damages.

49.     California Business and Professions Code Section 17200, *et seq.* prohibits "any unlawful, unfair or fraudulent business act or practice."

50.     Defendant has been unjustly enriched and should be required to make restitution to Plaintiff and the Class pursuant to §§ 17203 and 17204 of the Business & Professions Code.

## SECOND CAUSE OF ACTION

### (Violation of California Business & Professions Code § 17500 *et seq.*)

51.     Plaintiff incorporates by reference all allegations set forth in Complaint.

52.     Plaintiff brings this cause of action on behalf of himself and on behalf of the Nationwide Class, or in the alternative, on behalf of the California Sub-Class.

53.    California Business & Professions Code § 17500 prohibits unfair, deceptive, untrue, and misleading advertising in connection with the disposal of personal property (among other things), including, without limitation, false statements as to the use, worth, benefits, or characteristics of the property.

54.    Defendant have committed acts of misleading and unlawful advertising by utilizing "No Sugar Added" claims on the labels of its Zico Coconut Water containers.  In addition, Defendant made such unlawful or misleading labeling claims with the intent to dispose of said merchandise.

55.    Defendant knew, or in the exercise of reasonable care should have known, that the "No Sugar Added" representations were misleading and deceptive.

56.    The falsely advertised Zico Coconut Water was, and continues to be, likely to deceive members of the public.

57.    As a result of their reliance on Defendant's misrepresentations and omissions, Class Members suffered an ascertainable loss of money, property, and/or value of their Zico Coconut Water.

58.    As a direct and proximate result of Defendant's unfair and deceptive practices, Plaintiff and the Class have suffered and will continue to suffer actual damages.

59.    Zico Beverages LLC has been unjustly enriched and should be required to make restitution to Plaintiff and the Class.  Pursuant to § 17535 of the Business & Professions Code, Plaintiff and Class Members are entitled to an order of this Court enjoining such future conduct on the part of Zico Beverages LLC, and such other orders and judgments which may be necessary, to disgorge Zico Beverages LLC's ill-gotten gains and restore to any person in interest any money paid for its Zico Coconut Water as a result of the wrongful conduct of Zico Beverages LLC.

CLASS ACTION COMPLAINT

**THIRD CAUSE OF ACTION**

**(Violation of California's Consumers Legal Remedies Act, California Civil Code § 1750 *et seq*.)**

60.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

61.     Plaintiff brings this cause of action on behalf of himself and on behalf of the members of the CLRA Sub-Class.

62.     Defendant is a "person" as defined by California Civil Code § 1761(c).

63.     Plaintiff and CLRA Sub-Class Members are "consumers" within the meaning of California Civil Code § 1761(d) because they bought the Zico Coconut Water for personal, family, or household purposes.

64.     By failing to disclose and concealing the true and actual nature of the Zico Coconut Water from Plaintiff and prospective Class Members, Defendant violated California Civil Code § 1770(a), as it represented that the Zico Coconut Water had characteristics and benefits that it does not have, represented that the Zico Coconut Water was of a particular standard, quality, or grade when it was of another, and advertised the Zico Coconut Water with the intent not to sell it as advertised.  *See* Cal. Civ. Code §§ 1770(a)(5)(7) & (9).

65.     Defendant's unfair and deceptive acts or practices occurred repeatedly in Defendant's trade or business and were capable of deceiving a substantial portion of the purchasing public.

66.     Defendant knew the Zico Coconut Water did not possess the characteristics and benefits as represented and were not of the particular standard, quality or grade as represented.

67.     As a result of their reliance on Defendant's representations and

omissions, Class Members suffered an ascertainable loss of money, property, and/or value of their Zico Coconut Water.

68.     In failing to disclose and misrepresenting the true nature and contents of the Zico Coconut Water, Defendant knowingly and intentionally concealed material facts and breached their duty not to do so.

69.     The facts Defendant concealed from or misrepresented to Plaintiff and Class Members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase the Zico Coconut Water or pay less.  If the Zico Coconut Water had not included the illegal and deceptive "No Sugar Added" claim on the label, Plaintiff and Class Members would not have purchased the Zico Coconut Water or would have paid less for it.

70.     Plaintiff and Class Members are reasonable consumers who expect manufacturers, like Zico Beverages LLC, to provide accurate and truthful representations regarding the sugar content contained in their products, especially as compared to those in competitors' similar products.  Further, reasonable consumers, like Plaintiff, rely on the representations made by manufacturers regarding products' sugar content in determining whether to purchase the particular products and consider that information important to their purchase decision.

71.     As a direct and proximate result of Defendant's unfair methods of competition and/or unfair and deceptive practices, Plaintiff and the Class have suffered and will continue to suffer actual damages.

72.     Plaintiff and the Class are entitled to equitable relief.

73.     Plaintiff provided Defendant with notice of its violations of the CLRA pursuant to California Civil Code § 1782(a).  If Defendant fails to provide the appropriate and requested relief for its violations of the CLRA within 30

days, Plaintiff will seek monetary, compensatory, and punitive damages, in addition to injunctive and equitable relief.

## RELIEF REQUESTED

74.    Plaintiff, on behalf of himself and all others similarly situated, request the Court to enter judgment against Defendant, as follows:

      a.  An order certifying the proposed Class and Sub-Classes, designating Plaintiff as named representative of the Class, and designating the undersigned as Class Counsel;

      b.  An order enjoining Defendant from further unfair and deceptive business practices regarding the deceptive advertising, sales, and other business practices relating to its Zico Coconut Water;

      c.  A declaration requiring Defendant to comply with the various provisions of the Federal Food Drug & Cosmetic Act, California's Sherman Law, California's False Advertising Law and CLRA alleged herein and to make all the required representations;

      d.  A declaration that Defendant must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received from the sale of its Zico Coconut Water, or make full restitution to Plaintiff and Class Members;

      e.  An award of attorneys' fees and costs, as allowed by law;

      f.  An award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5;

      g.  An award of pre-judgment and post-judgment interest, as provided by law;

      h.  Leave to amend the Complaint to conform to the evidence produced at trial; and

      i.  Such other relief as may be appropriate under the circumstances.

1

**DEMAND FOR JURY TRIAL**

2          75.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff

3    demands a trial by jury of any and all issues in this action so triable

4    Dated:  March 2, 2017                    Respectfully submitted,

5                                             Capstone Law APC

6
                                         By: /s/ Lee A. Cirsch
7                                            Lee A. Cirsch
                                             Robert K. Friedl
8                                            Trisha K. Monesi

9                                            Attorneys for Plaintiff Carlos Barrios

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

1    **DECLARATION OF CARLOS BARRIOS**

2         I, CARLOS BARRIOS, declare as follows:

3         1.    I make this declaration based upon my personal knowledge except as to those

4    matters stated herein that are based upon information and belief, and as to those matters I

5    believe them to be true.  I am over the age of eighteen, a citizen of the State of California, and

6    a Plaintiff in this action.

7         2.    Pursuant to California Civil Code section 1780(d), this Declaration is submitted

8    in support of Plaintiff's Selection of Venue for the Trial of Plaintiff's Cause of Action

9    alleging violation of California's Consumers Legal Remedies Act.

10        3.    I reside in Suisun City, California, which is in Solano County.  I purchased the

11   Zico Coconut Water products that are the subject of this lawsuit in Solano County.

12        4.    I am informed and believe that Defendant ZICO BEVERAGES, LLC is a

13   Delaware corporation, organized and existing under the laws of the State of Delaware and

14   registered to conduct business in California.  Defendant ZICO BEVERAGES, LLC's

15   Corporate Headquarters are located at 2101 E. El Segundo Blvd., Suite 403, El Segundo, CA

16   90245, which is in Los Angeles County.

17        5.    Based on the facts set forth herein, this Court is a proper venue for the

18   prosecution of Plaintiff's Cause of Action alleging violation of California's Consumers Legal

19   Remedies Act because Defendant's headquarters are located in Los Angeles County, and

20   Defendant conducts business in Los Angeles County and throughout California and the United

21   States of America.

22        6.    I declare under penalty of perjury under the laws of California and the United

23   States of America that the foregoing is true and correct.

24        Executed on January <u>16</u>, 2017 in Los Angeles, California.

25

26    DocuSigned by:

     _____
     74AD8F44B2FB4D1...
27   Carlos Barrios

28

---

DECLARATION OF CARLOS BARRIOS