1   JEFFREY A. ROSENFELD (Bar No. 136896)
    jeffrey.rosenfeld@dlapiper.com
2   RACHEL E. K. LOWE (Bar No. 246361)
    rachel.lowe@dlapiper.com
3   MONICA D. SCOTT (Bar No. 268109)
    monica.scott@dlapiper.com
4   SEAN R. CRAIN (Bar No. 291515)
    sean.crain@dlapiper.com
5   **DLA PIPER LLP (US)**
    2000 Avenue of the Stars
6   Suite 400, North Tower
    Los Angeles, CA 90067
7   Telephone: (310) 595-3000
    Facsimile: (310) 595-3300
8
    Attorneys for Defendant
9   ZICO BEVERAGES LLC

10              **UNITED STATES DISTRICT COURT**

11      **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

12
    CARLOS BARRIOS, individually, and        CASE NO. 2:17-cv-01712-FMO (KSx)
13  on behalf of a class of similarly situated
    individuals,
14                                           **DEFENDANT ZICO BEVERAGES**
                  Plaintiff,                 **LLC'S MEMORANDUM OF**
15                                           **POINTS AND AUTHORITIES IN**
           v.                                **SUPPORT OF MOTION TO**
16                                           **DISMISS FIRST AMENDED**
    ZICO BEVERAGES LLC, a Delaware           **COMPLAINT OR, IN THE**
17  limited liability company,               **ALTERNATIVE, STAY**

18                Defendant.                 <u>Hearing</u>
                                             Date:      July 3, 2017
19                                           Time:      10:00 a.m.
                                             Dept.:     First Street Courthouse;
20                                                      Courtroom 6D
21
22                                           Complaint Filed:   March 2, 2017
                                             FAC Filed:         May 17, 2017
23
24
25
26
27
28

1

## **<u>TABLE OF CONTENTS</u>**

2

**<u>Page</u>**

3

I.     INTRODUCTION ................................................................1

4

II.    FACTS ALLEGED IN THE FAC.............................................4

5

III.   "NO SUGAR ADDED" CASES – A NEW COTTAGE INDUSTRY......8

6

IV.    RELEVANT LEGAL STANDARDS ........................................9

7

A.     Rule 12(b)(6).............................................................9

8

B.     Rule 9(b) ................................................................ 10

9

V.     PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO
       ALLEGE ANY CLAIM BECAUSE THERE IS NO VIOLATION
       OF FDA REGULATIONS GOVERNING "NO SUGAR ADDED"
       CLAIMS ................................................................... 10

10

11

12

VI.    PLAINTIFF'S CLAIMS FAIL UNDER RULE 9(B) ............................ 13

13

VII.   PLAINTIFF'S "RESEMBLE AND SUBSTITUTE" THEORY IS
       PREEMPTED ........................................................... 15

14

A.     The FDCA and NLEA Preempt Mislabeling Claims Where, as here,
       the Labeling Complies with Regulations.................................... 15

15

16

B.     ZICO Coconut Water's "No Sugar Added" Claim Complies with 21
       C.F.R. § 101.60(c)(2)(iv)................................................ 17

17

1.     Per the FDA, Juices "resemble[] and substitute[]" for Juices ................ 17

18

2.     ZICO Coconut Water Resembles and Substitutes for Juices with
       Added Sugar ........................................................... 20

19

20

C.     Plaintiff Cannot Impose Requirements Contrary to the FDA ................ 21

21

VIII.  PLAINTIFF DOES NOT HAVE STATUTORY STANDING TO
       PURSUE INJUNCTIVE RELIEF ........................................... 21

22

IX.    IN THE ALTERNATIVE, THE COURT SHOULD ISSUE A STAY .. 23

23

X.     CONCLUSION ........................................................... 25

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS OR, IN THE
ALTERNATIVE, STAY**

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ...........................................................................9, 12, 14

*Astiana v. Ben & Jerry's Homemade, Inc.*
No. 10-4387, 2011 WL 2111796 (N.D. Cal. May 26, 2011) ...........................21

*Backus v. Nestle USA, Inc.*
167 F. Supp. 3d 1068, 1075-76 (N.D. Cal. Mar. 8, 2016) ..............................16

*Balistreri v. Pacifica Police Dep't,*
901 F.2d 696 (9th Cir. 1990) ..............................................................................9

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007) ............................................................................................9

*Buckman Co. v. Plaintiffs' Legal Comm.*
531 U.S. 341, 121 S.Ct. 1012, 148 L.Ed.2d 854 (2001) ....................................5

*Chacanaca v. Quaker Oats Co*
752 F.Supp.2d 1111 (N.D.Cal.2010)................................................................16

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.,*
911 F.2d 242 (9th Cir. 1990) ............................................................................10

*Edwards v. Cal. State Prison Los Angeles Cty.,*
No. CV 09-02584 GAF (AN), 2012 WL 3023317 (C.D. Cal. July 23, 2014)...12

*Edwards v. Marin Park, Inc.,*
356 F.3d 1058 (9th Cir. 2004) ...................................................................10, 13

*Gustavson v. Mars, Inc.*
No. 13–cv–04537–LHK, 2014 WL 6986421 (N.D. Cal. Dec. 10, 2014) ..........24

*Hairston v. S. Beach Beverage Co.*
No. CV 12-1429-JFW, 2012 WL 1893818 (C.D. Cal. May 18, 2012).............16

*Janey v. Mills,*
944 F. Supp. 2d 806 (N.D. Cal. 2013)................................................................13

*Kane v. Chobani,*
No. 12-cv-02425-LHK, 2013 WL 5289253 (N.D. Cal. Sept. 19, 2013) ...........10

*Kearns v. Ford Motor Co.,*
567 F.3d 1120 (9th Cir. 2009) ...................................................................10, 13

*Lam v. General Mills, Inc.*
859 F. Supp. 2d 1097 (N.D. Cal. 2012).............................................................16

**MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY**

*Landis v. North American Co.*
 299 U.S. 248 (1936) ...................................................................................... 24

*Larsen v. Trader Joe's Co.*
 No. C 11-05188 SI, 2012 WL 5458396 (N.D. Cal. June 14, 2012)................... 24

*Leonhart v. Nature's Path Foods, Inc.*
 No. 13-CV-00492-BLF, 2015 WL 3548212 (N.D. Cal. June 5, 2015) ............ 24

*Major v. Ocean Spray Cranberries, Inc.*
 No. 15-15880, 2017 WL 1857291 (9th Cir. May 8, 2017) ............................... 23

*Mason v. Coca-Cola Co.*,
 774 F. Supp. 2d 699 (D.N.J. 2011).................................................................. 15

*Mazza v. Am. Honda Motor Co., Inc.*,
 666 F.3d 581 (9th Cir. 2012)............................................................................ 7

*Pardini v. Unilever U.S., Inc.*,
 961 F. Supp. 2d 1048 (N.D. Cal. 2013)............................................................ 14

*Rahman v. Mott's LLP*,
 No. CV 13-3482 SI, 2014 WL 5282106 (N.D. Cal. Oct. 15, 2014) ...........*passim*

*Samet v. Proctor & Gamble, Co.*
 No. 5:12-cv-01891 PSG, 2013 WL 3124647 (N.D. Cal. June 18, 2013) .......... 16

*Semi-Materials Co., Ltd. v. SunPods, Inc.*,
 No. 11-cv-06719-LHK, 2012 WL 3962487 (N.D. Cal. Sept. 10, 2012) ..... 11, 13

*Sprewell v. Golden State Warriors*,
 266 F.3d 979 (9th Cir. 2001) ........................................................................... 12

*Trazo v. Nestle USA, Inc.*
 No. 5:12-cv-4083218, 2013 WL 4083218 (N.D. Cal. Aug. 9, 2013) ............... 15

*Turek v. Gen. Mills, Inc.*
 662 F.3d 423 (7th Cir. 2011) ........................................................................... 16

*Vess v. Ciba-Geigy Corp., USA*,
 317 F.3d 1097 (9th Cir. 2003)......................................................................... 10

*Viggiano v. Hansen Natural Corp.*
 944 F. Supp. 2d 877 (C.D. Cal. 2013).................................................... 3, 16, 20

*Wilson v. Frito-Lay N. Am., Inc.*, No. 12-1586 SC, 2013 WL 5777920 (N.D. Cal.
 Oct. 24, 2013) .................................................................................................. 15

**FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

21 C.F.R. § 101.9(c)(6)(ii).................................................................6, 10, 11, 14

21 C.F.R. § 101.13(d) ................................................................................ 17, 18

**MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS OR, IN THE
ALTERNATIVE, STAY**

21 C.F.R. § 101.30 ........................................................................................... 18

21 C.F.R. § 101.60 ................................................................................... *passim*

21 U.S.C. § 337(a) .................................................................................... 15, 16

21 U.S.C. § 343-1(a) ................................................................................. 15, 16

58 Fed. Reg. 2302, 2327 (Jan. 6, 1993) ................................................... 18, 19

Fed. R. Civ. Proc Rule 8 ................................................................................. 11

Fed. R. Civ. Proc Rule 9(b) .................................................................... passim

Fed. R. Civ. Proc Rule 12(b)(6) ......................................................... 2, 9, 14

**STATE CASES**

*Donald v. Cafe Royale, Inc.*
218 Cal. App. 3d 168 (1990) ................................................................. 23

*Madrid v. Perot Sys. Corp.*
130 Cal. App. 4th 440 (2005) ...................................................... 4, 22, 23

*People ex rel. Brown v. Powerex Corp.*
153 Cal. App. 4th 93 (2007) ................................................................. 22

*People v. Toomey*
157 Cal. App. 3d 1 (1984) ..................................................................... 22

*Scripps Health v. Marin*
72 Cal. App. 4th 324 (1999) ................................................................. 22

**STATE STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

Cal. Bus. & Prof. Code § 17500 ........................................................... 1, 8

Cal. Bus. & Prof. Code § 17200 ........................................................... 1, 8

Cal. Civ. Code § 1750 *et seq.* ............................................................... 1, 8

**MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY**

Defendant ZICO Beverages LLC (referred to herein as "ZICO" or "Defendant") submits the following Memorandum of Points and Authorities in Support of its Motion to Dismiss Or, In The Alternative, Stay Plaintiff Carlos Barrios's ("Plaintiff") First Amended Complaint ("FAC").

## I.   <u>INTRODUCTION</u>

Plaintiff fails to state his claims for violation of California Business and Professions Code § 17200 (the Unfair Competition Law or UCL), California Business & Professions Code § 17500 (the False Advertising Law or FAL), and California Civil Code § 1770 (the Consumer Legal Remedies Act or CLRA) because there is nothing untrue or misleading about ZICO's "No Sugar Added" claim on its Coconut Water label.  Plaintiff's claims are predicated on a Food Drug and Cosmetic Act ("FDCA") regulation that specifically permits "No Sugar Added" labeling, if certain conditions are met, including the requirements that (1) no sugar be added during processing or packaging, 21 C.F.R. § 101.60(c)(i), and (2) the "food that it resembles and for which it substitutes normally contains added sugars."  21 C.F.R. § 101.60(c)(2)(iv).  Those conditions are met here.

In this suit, Plaintiff challenges the "No Sugar Added" claim on the labeling for ZICO's 100% Coconut Water ("Coconut Water").  True to its labeling, however, ZICO does not add sugar to its Coconut Water.  The sole ingredient in ZICO Coconut Water is coconut water.  The ZICO Coconut Water label itself confirms this fact by stating "Ingredient: coconut water."  (FAC, ¶ 6.)

Plaintiff nevertheless proceeds under two untenable theories, neither of which is salvaged by Plaintiff's pleading amendment: First, Plaintiff alleges that ZICO cannot use the "No Sugar Added" label because ZICO Coconut Water "does not resemble and substitute for a food that normally contains added sugars, including, without limitation, coconut water harvested from a coconut" in violation of 21 C.F.R. § 101.60(c)(2)(iv).  Plaintiff's first theory has already been rejected in a lawsuit brought by Plaintiff's attorneys, *Rahman v. Mott's LLP* ("*Mott's*"), No.

CV 13-3482 SI, 2014 WL 5282106, at *8-9 (N.D. Cal. Oct. 15, 2014).[1]  On summary judgment, *Mott's* correctly found that an objectively reasonable consumer, the standard applicable to Plaintiff's claims here, would not be deceived by the "No Sugar Added" label on Mott's juice, in part, because the "allegedly deceptive nature of ['No Sugar Added'] is not self-evident," rather it "is literally true, in that it accurately reflects the ingredients used to make Mott's 100% Apple Juice." *Id*. at *9.  The same is true for ZICO's "No Sugar Added" label claim here – it is literally true based on the very ingredients identified in the FDCA-compliant label pictured in the FAC.  Moreover, as detailed below, Plaintiff's "resemble and substitute" theory is preempted because Plaintiff seeks to impose requirements beyond what the federal regulation requires.

Plaintiff's second theory inconsistently asserts that "on information and belief, Zico 100% Coconut Water does, in fact, contain added sugars," (FAC, ¶ 3), in violation of 21 C.F.R. § 101.60(c)(2)(i), because ZICO Coconut Water purportedly contains sugars that are not naturally occurring in coconuts.  Despite amending his pleading, Plaintiff fails to provide any factual support for this untrue statement.  Based on these scant allegations, Plaintiff seeks to assert claims on behalf of a nationwide class.

The FAC should be dismissed for these reasons:

*First,* Plaintiff's pleading fails to satisfy the standards set forth in Rule 12(b)(6) and Rule 9(b).  Plaintiff fails to state facts sufficient to allege that the "No Sugar Added" product label violates 21 C.F.R. § 101.60(c)(2)(i) and 21 C.F.R. § 101.60(c)(2)(iv), the criteria in the FDCA regulation on which Plaintiff's consumer claims are based.  First, "on information and belief," Plaintiff boldly claims that the ZICO product contains added sugar in violation of Section 101.60(c)(2)(i) – a claim that ZICO categorically rejects and which is contradicted by the product ingredient

---

[1] *Mott's* is the only federal case filed before 2017 of which counsel is aware discussing 21 C.F.R. § 101.60(c)(2)(iv).

1  list.  (FAC, ¶ 29.)  Plaintiff alludes to laboratory analyses that "confirmed" ZICO

2  Coconut Water contains sugars that are not naturally occurring in coconuts.  (*Id.*)

3  By Plaintiff's bald "information and belief" allegations, he fails to plead basic facts

4  such as what sugars are naturally occurring in pure coconut water, what sugars

5  Plaintiff contends ZICO Coconut Water contains, and what information Plaintiff

6  has to suggest sugar was impermissibly added other than his surmise, far less what

7  laboratories performed the testing, where, how, and at whose behest.  Because

8  Plaintiff's claims all sound in fraud and because the regulation in question

9  addresses specific sugar and sugar substitutes, this basic information regarding

10  what makes the label false is necessary to state a claim.

11       Moreover, "No Sugar Added" is a permitted statement where "[t]he food that

12  [the product] resembles and for which it substitutes normally contains added

13  sugars," 21 C.F.R. § 101.60(c)(2)(iv), one of the two regulatory criteria at issue.

14  Nowhere in the FAC does Plaintiff allege sufficient facts demonstrating ZICO

15  Coconut Water does not comply with 21 C.F.R. § 101.60(c)(2)(iv).  Plaintiff fails to

16  allege facts demonstrating how the true "No Sugar Added" label is false or

17  misleading, or how a reasonable consumer would be misled.  He also draws no

18  comparisons between ZICO Coconut Water and other products.  For this reason

19  too, Plaintiff's entire FAC also fails under Rule 9(b).

20       *Second,* Plaintiff's claims, insofar as they rely on his "resemble and

21  substitute" theory, are preempted by the FDCA, as amended by the Nutrition

22  Labeling and Education Act ("NLEA").  Courts in this district have found that

23  when a label claim is permitted under applicable FDA regulations, as is the case

24  here, plaintiffs' state law claims are expressly preempted by federal law.  *See, e.g.*,

25  *Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 889-90, 892 (C.D. Cal.

26  2013) (ruling that because the labeling claim was "expressly permitted by FDA

27  regulations," plaintiff's UCL, FAL, and CLRA claims were expressly preempted).

28  Plaintiff's assertion that the *only* permissible substitute for coconut water is other

"pure coconut water" is contrary to FDA manuals and other guidance providing that *all* juices broadly substitute for other juice drinks. *See e.g.*, Defendant's Request for Judicial Notice filed herewith ("RFJN"), Ex. E (FDA's Inspection Guide), p. 13; Ex. F (FDA's Changes to Final Nutrition Facts Label: Q and A), p. 7.

*Third*, Plaintiff's claim for injunctive relief on behalf of himself and the putative class also fails. Plaintiff does not have statutory standing under the UCL, FAL, or CLRA to pursue injunctive relief because the FAC fails to allege any likelihood of future harm. *See Mott's*, 2014 WL 5282106, at *4-6; *Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 464-65 (2005). Regardless of any alleged prior confusion, Plaintiff now fully understands the "No Sugar Added" label in the context of other products and will not be misled by the label in the future.

*Fourth*, in the event the Court does not dismiss Plaintiff's FAC for the above reasons, the Court should stay this case due to the Ninth Circuit's anticipated opinion in the *Mott's* appeal. The issues on appeal include: (1) whether a consumer lacks standing to pursue injunctive relief once he or she is aware of the allegedly misleading or unlawful nature of the label; and (2) whether the district court abused its discretion in denying certification of a liability-only class because there was no evidence showing predominance as to damages. RFJN, Ex. A, Appellant's Opening Brief, USCA No. 15-15579, Dkt. 10-1 ("AOB"), pp. 2-3. (The trial court's summary judgment determination that the claims failed the objectively reasonable consumer standard is not an issue on appeal, however. *Id*. at pp. 2-3.) This case should be stayed briefly pending the Ninth Circuit's guidance.

## II.   FACTS ALLEGED IN THE FAC

Plaintiff alleges that the "No Sugar Added" label on ZICO's Coconut Water "fail[s] to comply" with the [FDCA] which "specif[ies] the precise nutrient content claims concerning sugar that may be made on a food label." (FAC, ¶ 2.) Because

he has no private right of action under the FDCA[2], Plaintiff alleges Defendant "violated California's Sherman Law and consumer protection statutes, which wholly adopt the federal requirements."  (FAC, ¶ 2.)

By way of actual, specific facts, Plaintiff's FAC is severely lacking.  Plaintiff alleges he "purchased one or more bottles of Zico Coconut Water in Suisun City, California [in Solano County]" at Wal-Mart or 7-11 stores.  (FAC, ¶ 12.)  Prior to purchasing the Coconut Water, Plaintiff asserts he "observed the illegal and deceptive 'No Added Sugar' claim on the front label," and (*id*. at ¶ 13), that he "reasonably relied on Defendant's 'No Added Sugar' claim," which was important in making his purchase, (*id*. at ¶ 15), and that, without the label, "Plaintiff would not have purchased" the ZICO Coconut Water, "or would have paid less for it."[3] (*Id*. at ¶ 17).  By these unadorned, "defendant-harmed-me" accusations, Plaintiff fails to explain why or how the true "No Sugar Added" label is illegal or deceptive, how or why the "No Sugar Added" label affected his purchasing decision, or why he would not have purchased the ZICO Coconut Water.

Elsewhere in the FAC, Plaintiff asserts vague and conclusory allegations that the "No Sugar Added" label is "in violation of FDA and state regulations" because "Zico Coconut Water <u>does not</u> resemble and substitute for a food that normally contains added sugars, including, without limitation, pure coconut water harvested

---

[2] "The FDCA leaves no doubt that it is the Federal Government rather than private litigants who are authorized to file suit for noncompliance with the [FDCA]."  *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341, 349 n. 4 (2001).

[3] Plaintiff further alleges that he "observed advertisements for Zico Coconut Water stating the products contained no added sugar on social media and 7-11 cooler doors."  (FAC, ¶ 13.)  Plaintiff does not address these advertisements elsewhere in his FAC, nor base any of his claims on them.  He cannot, because the alleged advertisements are not tethered to the product labeling and are thus preempted. *Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1125 (N.D. Cal. 2013) ("As Gustavson has failed to explain how low calorie claims made on a website that is not in any way linked to the product labels at issue in this case constitute 'labeling' for purposes of federal law, the Court concludes that this claim 'attempts to impose additional requirements that are not required by the federal regulations.'")

from a coconut (21 C.F.R. § 101.60(c)(2)(iv)).” (*Id.* at ¶ 28(b) (emphasis added).)[4] Elsewhere, Plaintiff alleges the “food that Zico Coconut Water resembles and substitutes for is pure coconut water harvested from a coconut.” (*Id.* at ¶ 48) (emphasis added). Plaintiff inconsistently alleges that ZICO Coconut Water does and does *not* resemble and substitute for coconut water.

In any event, Plaintiff is wrong. Per the FDA, “fruits and fruit juice” expressly refers to “juices, nectars, and fruit drinks.” *See* RFJN Ex. E, FDA Inspection Guide, at p. 13. Indeed, Plaintiff purports to rely on 21 C.F.R. § 101.60(c)(2)(iv), but does not and cannot allege how or why ZICO Coconut Water does not resemble and substitute for orange juice, coconut water, cranberry juice, or any other juice. Plaintiff likewise fails to allege what specific products do resemble and substitute for ZICO Coconut Water beyond “coconut water.”

Unlike the other copycat cases filed by Plaintiff’s counsel, discussed below, Plaintiff also tries to allege that ZICO adds sugar “during the processing and/or packaging of Zico Coconut Water” because “ingredient analysis” “confirmed that Zico Coconut Water contains sugars that are not naturally occurring in pure coconut water” in violation of 21 C.F.R. § 101.60(c)(2)(i). (FAC ¶¶ 28(a), 29.) Even after amendment, Plaintiff still does not allege any information regarding the sugar that coconuts naturally contain or the sugars that were allegedly added, facts necessary to understand this claim, in particular because the criteria itself – § 101.60(c)(2)(i) – references another regulation that specifically defines sugar composition.

By way of background, the FDA permits use of the terms “No Added Sugar,” “Without Added Sugar,” or “No Sugar Added,” when:

    (i) **No amount of sugars, as defined in § 101.9(c)(6)(ii), or any other**

---

[4] Plaintiff’s reference to coconut water is a departure from Plaintiff’s original allegation that “Zico Coconut Water does not resemble and substitute for a food that normally contains added sugars, including, without limitation, pure, or 100%, orange juice (21 C.F.R. § 101.60(c)(2)(iv)).” (*Id.* at ¶ 26(b) (emphasis added).)

1  **ingredient that contains sugars that functionally substitute for added**

2  **sugars is added during processing or packaging; and**

3  (ii) The product does not contain an ingredient containing added sugars such

4  as jam, jelly, or concentrated fruit juice; and

5  (iii) The sugars content has not been increased above the amount present in

6  the ingredients by some means such as the use of enzymes, except where the

7  intended functional effect of the process is not to increase the sugars content

8  of a food, and a functionally insignificant increase in sugars results; and

9  (iv) **The food that it resembles and for which it substitutes normally**

10  **contains added sugars**; and

11  (v) The product bears a statement that the food is not "low calorie" or

12  "calorie reduced" (unless the food meets the requirements for a "low" or

13  "reduced calorie" food) and directs consumers' attention to the nutrition

14  panel for further information on sugar and calorie content.

15  21 C.F.R. § 101.60(c)(2)(i)-(v)(emphasis added).

16       Plaintiff does not allege that the "No Sugar Added" label claim at issue here

17  violated any of the requirements set forth in 21 C.F.R. § 101.60(c)(2)(i)-(v), other

18  than 21 C.F.R. § 101.60(c)(2)(i) and (iv).  Indeed, he cannot, because ZICO

19  Coconut Water is fully compliant.

20       Based on these scant and generic allegations, Plaintiff purports to represent a

21  nationwide class of:

22
23         All individuals in the United States who purchased one or
       more containers of Zico Coconut Water containing a "No
       Sugar Added" claim on the label or other packaging at

24         any time between four years prior the filing of this FAC
       until the date of certification (the "Nationwide Class").[5]

25
26
27  [5] Defendant does not concede that California law properly applies to the putative
nationwide class and reserves all rights to contest the same.  *See, e.g.*

28  *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 590 (9th Cir. 2012).

(FAC, ¶ 32.) As well as two subclasses consisting of:

> All members of the Nationwide Class who reside in the State of California (the "California Sub-Class")

> All members of the California Sub-Class who are "consumers" within the meaning of California Civil Code § 1761(d) (the "CLRA Sub-Class"). (*Id.*)

On behalf of the Nationwide Class and California Sub-Class, Plaintiff attempts to allege causes of action for violation of California's Unfair Competition Law and False Advertising Law. (*Id.* at ¶¶ 40-69.) On behalf of the California CLRA Sub-Class, Plaintiff also alleges a violation of California's Consumer Legal Remedies Act. (*Id.* at ¶¶ 70-83.) Plaintiff seeks, on behalf of himself and the putative class, disgorgement of "ill-gotten profits," restitution, injunctive relief, as well as attorneys' fees and costs, among other requested relief. (*Id.* at ¶ 84.)

## III.   "NO SUGAR ADDED" CASES – A NEW COTTAGE INDUSTRY

This FAC is one of a wave of virtually-identical putative class actions filed recently in California by counsel for Plaintiff against different beverage companies challenging their "No Sugar Added" labels as misleading and false under the UCL, FAL, and CLRA because "the food that [they] resemble[] and for which [they] substitute[]" do not contain added sugars in violation of 21 C.F.R. § 101.60(c)(iv).

The first of these "No Sugar Added" cases was *Mott's*, filed June 13, 2013 in the Northern District of California. In *Mott's*, plaintiff chiefly alleged that the "No Sugar Added" label on *Mott's* 100% apple juice was false and misleading under the UCL, CLRA, and FAL (among other claims) because "there is no food that Mott's 100% Apple Juice resembles and for which it substitutes that normally contains added sugars." The court properly determined that no reasonable consumer could be deceived by *Mott's'* truthful "No Sugar Added" label and whittled down the action to claims for violation of the unlawful prong of the UCL and breach of quasi-contract. *See Mott's*, 2014 WL 325241, at *10; *Mott's*, 2014 WL 5282106, at *10.

The court later denied class certification, and that order is being appealed. *Mott's*, 2014 WL 6815779, at \*9; RFJN, Ex. A.

Since the beginning of 2017, Plaintiff's counsel has filed a flurry of "copy-cat" class actions against other beverage companies alleging nearly identical violations of 21 C.F.R. § 101.60(c)(2)(iv), including: (1) *Jason Reza v. Zico Beverages LLC*, Los Angeles Superior Court ("LASC") Case No. BC 647064 filed on January 17, 2017, which is currently stayed pending this action; (2) *Malawi Karim* v. *Naked Juice Co. of Glendora, et al.,* LASC Case No. BC649121 filed on February 3, 2017; (3) *Sonia Perez v. Naked Juice Co. of Glendora, et al.,* LASC Case No. BC649296 filed on February 6, 2017; (4) *Stephen Wilson v. Odwalla, Inc., et al.,* U.S.D.C. C.D. Cal., Case No. 2:17-cv-02763-DSF-FFM filed on March 9, 2017[6]; (5) *Michelle Shaeffer v. Sun Pacific, Inc.*, LASC Case No. BC 654207, filed on March 15, 2017; and (6) *Sonia Perez v. The Kroger Co.*, filed on February 9, 2017, which was removed to this Court, No. 2:17-cv-02448-ODW-AGR.

## IV.   RELEVANT LEGAL STANDARDS

### A.   Rule 12(b)(6)

Dismissal under Rule 12(b)(6) is proper where there is either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A sufficient complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Though the court is

---

[6] The defendants' request to relate *Wilson* to this action was denied. (2:17-cv-02763-DSF-FFM, Dkt. No. 12.) *Wilson* attempts to allege the same claims predicated on a violation of 21 C.F.R. § 101.60(c)(2)(iv) on behalf of a putative nationwide class against ZICO's parent corporation (The Coca-Cola Company) and a subsidiary of same (Odwalla, Inc.). (*Id.,* Dkt. No. 5.)

1  generally required to grant the plaintiff leave to amend when it grants a motion to

2  dismiss, it need not do so if amendment would be futile.  *See Cook, Perkiss &*

3  *Liehe, Inc. v. N. Cal. Collection Serv. Inc.,* 911 F.2d 242, 246-47 (9th Cir. 1990).

4    **B.**    **Rule 9(b)**

5      Rule 9(b) requires that a plaintiff "state with particularity the circumstances

6  constituting fraud."  This pleading standard specifically "appl[ies] to claims for

7  violations of the CLRA and UCL," as well as the FAL, where – as here – those

8  claims are based on a fraud theory.  *Kearns v. Ford Motor Co*., 567 F.3d 1120,

9  1125 (9th Cir. 2009); *Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1105 (9th

10  Cir. 2003).  Accordingly, a plaintiff's allegations must be "specific enough to give

11  defendants notice of the particular misconduct," including "the 'who, what, when,

12  where, and how' of the misconduct charged," *Kearns*, 567 F.3d at 1124 (citations

13  and internal quotations omitted), and "the time, place, and specific content of the

14  false representations."  *Edwards v. Marin Park, Inc*., 356 F.3d 1058, 1066 (9th Cir.

15  2004) (citations omitted).  "The plaintiff must set forth what is false or misleading

16  about a statement, and why it is false."  *Kane v. Chobani*, No. 12-cv-02425-LHK,

17  2013 WL 5289253, at *4 (N.D. Cal. Sept. 19, 2013) (dismissing "No Added Sugar"

18  claims for failing to plead that the allegedly false statements were actually seen by

19  plaintiffs or that they relied on those statements) (citations omitted).

20  **V.**    **PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO ALLEGE**
21        **ANY CLAIM BECAUSE THERE IS NO VIOLATION OF FDA**
        **REGULATIONS GOVERNING "NO SUGAR ADDED" CLAIMS**
22

23      Plaintiff's FAC fails to allege any violation of law.  There are no facts

24  demonstrating that ZICO's "No Sugar Added" label violates the FDCA, as

25  amended by the NLEA, or the Sherman Law incorporating those standards.

26      The FDA permits the use of "No Sugar Added" claims on labels so long as

27  certain criteria are met.  21 C.F.R. § 101.60(c)(2).  The criteria at issue in this case

28  are: (1) no amount of sugars, as defined by 21 C.F.R. § 101.9(c)(6)(ii) is added

1    during processing or packaging, *id.* § 101.60(c)(2)(i), and (2) "[t]hat the food that it

2    resembles and for which it substitutes normally contains added sugars." *Id.* §

3    101.60(c)(2)(iv).  Plaintiff's causes of action are premised on his contention that

4    ZICO Coconut Water is mislabeled under these two criteria.[7]  (FAC, ¶¶ 70-83.)

5        First, Plaintiff fails to adequately allege facts demonstrating that ZICO adds

6    "sugar, as defined in [21 C.F.R.] § 101.9(c)(6)(ii)" during "processing or

7    packaging" as he must to attempt to state a violation of 21 C.F.R. § 101.60(c)(2)(i).

8    On information and belief, Plaintiff vaguely alludes to laboratory analyses that

9    "confirmed" ZICO Coconut Water contains sugars that are not naturally occurring

10   in coconut water.  (FAC, ¶ 29.)  "Pleading based on information and belief is

11   insufficient in a FAC." *Semi-Materials Co., Ltd. v. SunPods, Inc*., No. 11-cv-

12   06719-LHK, 2012 WL 3962487, at *2 (N.D. Cal. Sept. 10, 2012) (dismissing

13   fraud-based claims plead as "upon information and belief" under Rule 8 and Rule

14   9(b)).  Information and belief allegations are particularly inadequate where, like

15   here, there are absolutely no "accompany[ing] [] statement of facts on which the

16   belief is founded." *Id*. (citations omitted).

17       Here, Plaintiff fails to explain which sugars coconut water naturally contains,

18   which sugars are allegedly added during processing, and whether they are sugars as

19   defined in § 101.9(c)(6)(ii) (for example, glucose, fructose, or sucrose).  These are

20   basic facts Plaintiff must state and, presumably, if there exist laboratory analyses,

21   Plaintiff in already possession of these facts.  Plaintiff also fails to offer any facts –

22   beyond his mere conjecture and surmise – that sugar has been added during the

23   processing of ZICO Coconut Water, facts regarding what laboratories performed

24

25   _____

     [7] Plaintiff vaguely asserts that "Defendant's No Sugar Added claims on Zico
26   Coconut Water constitute false advertising separate and apart from the FDA's
     regulations because, on information and belief, Zico Coconut Water does, in fact,
27   contain added sugars."  (FAC, ¶ 10.)  Plaintiff's FAC fails to plead any claim
     "separate and apart" from a claim based on the applicable regulations, however,
28   likely because such a claim would be preempted too.

1  the testing, at whose behest, where, and using what type of testing.

2       Plaintiff's pleading failure is particularly egregious because his "information

3  and belief" allegation contradicts ZICO's stated product ingredient.  There is one

4  ingredient in ZICO Coconut Water: "coconut water."  (FAC ¶ 6.)  Paragraph 6 of

5  the FAC incorporates ZICO Coconut Water labels reflecting the product ingredient.

6  A court should not accept "threadbare recitals of a cause of action's elements,

7  supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678, "allegations that

8  are merely conclusory, unwarranted deductions of fact, or unreasonable inferences,"

9  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), or "factual

10  allegations that are contradicted the facts established by reference to exhibits attached

11  to the FAC" or are the subject of judicial notice  *Edwards v. Cal. State Prison Los*

12  *Angeles Cty.*, No. CV 09-02584 GAF (AN), 2012 WL 3023317, at *2 (C.D. Cal. July

13  23, 2014).  Plaintiff cannot overcome the truthfully labeled product ingredients by

14  alleging, as he does, on information and belief that some laboratory somewhere

15  confirmed that, per some unspecified measure, ZICO adds some unspecified sugar

16  to its product, when coconut water naturally contains some unspecified other

17  sugars.  These unadorned accusations – which Plaintiff did not improve or clarify in

18  his amended pleading – are plainly insufficient to state Plaintiff's claims, all of

19  which are predicated on a violation of the FDCA.

20       Second, Plaintiff also fails to allege facts demonstrating that ZICO Coconut

21  Water does not resemble and serve as a substitute for other products that normally

22  contain added sugar.  The *sole factual allegation* supporting this mislabeling theory

23  is the conclusory claim: "Zico Coconut Water does not resemble and substitute for

24  a food that normally contains added sugars, including, without limitation, pure

25  coconut water harvested from a coconut (21 C.F.R. § 101.60(c)(2)(iv))."  (*Id.* at  ¶

26  28(b).)  This allegation merely recites the language from 21 C.F.R. §

27  101.60(c)(2)(iv) and is insufficient to state valid UCL, FAL or CLRA violations

28  premised on FDA regulations.  *See Mott's*, 2014 WL 325241, at *5 (dismissing

**MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY**

1  UCL, CLRA, and FAL claims premised on the argument that "No Added Sugar"

2  labeled applesauce violated federal regulations because "plaintiff does not allege

3  that other brands of applesauce generally do not contain added sugar").  Moreover,

4  Plaintiff's recitation of inapposite FDA commentary is misleading (FAC ¶¶ 46-47),

5  as detailed in Section VII below and, in any event, does not draw any *factual*

6  connections necessary to state a claim.  Plaintiff's limited reference to "pure

7  coconut water harvested from a coconut" is inadequate to state a claim, and the

8  FAC should be dismissed.

9  **VI.    PLAINTIFF'S CLAIMS FAIL UNDER RULE 9(b)**

10      Plaintiff's FAL, CLRA, and fraud-based UCL claims similarly fail under

11  Rule 9(b) because Plaintiff fails to allege sufficient facts demonstrating how the

12  "No Sugar Added" label is false or misleading.  Fed. R. Civ. Proc. 9(b).

13      Plaintiff's FAC fails to allege the most basic contention to satisfy Rule 9(b):

14  How is the "No Sugar Added" label false or misleading?  Plaintiff will likely

15  respond that he has alleged that ZICO adds sugar, which directly contradicts

16  ZICO's "No Sugar Added" label.  The FAC's bare "information and belief"

17  allegation that sugar was added to ZICO Coconut Water, (FAC, ¶ 29), is plainly

18  inadequate to state Plaintiff's fraud-based claims.  *See, e.g.*, *Semi-Materials Co.,*

19  *Ltd.*, 2012 WL 3962487, at *2.  Plaintiff's allegations are not "specific enough to

20  give defendants notice of the particular misconduct," including "the 'who, what,

21  when, where, and how' of the misconduct charged," *Kearns*, 567 F.3d at 1124

22  (citations and internal quotations omitted), and "the time, place, and specific

23  content of the false representations."  *Edwards*, 356 F.3d at 1066.  "In a deceptive

24  advertising case, Rule 9(b) requires that the plaintiff(s) identify specific

25  advertisements and promotional materials; allege when the plaintiff(s) were

26  exposed to the materials; and *explain how such materials were false or*

27  *misleading*."  *Janey v. Mills*, 944 F. Supp. 2d 806, 818 (N.D. Cal. 2013) ("A

28  plaintiff alleging that product labels or packaging contain misrepresentations must

1   make specific allegations about each product, and attaching only a selection of

2   labels will not suffice under Rule 9(b).") (emphasis added).

3       First, Plaintiff fails to allege any specific facts regarding what makes ZICO's

4   "No Sugar Added" label false other than to cursorily state that ZICO adds "sugar,

5   as defined in [21 C.F.R.] § 101.9(c)(6)(ii)" during "processing or packaging" in

6   violation of 21 C.F.R. § 101.60(c)(2)(i).  (FAC, ¶ 29)  Despite amending the

7   complaint, Plaintiff still fails to plead any specific facts regarding the alleged types

8   of sugars naturally occurring in coconut water, what sugars Plaintiff claims have

9   been added, and whether those sugars fall within the statutory definition of

10  "sugars," for example.  The ZICO "No Sugar Added" label is facially truthful –

11  ZICO does not add sugar to its Coconut Water.  Without facts to explain what

12  makes the "No Sugar Added" claim allegedly false, Plaintiff has failed to satisfy his

13  pleading hurdle under Rule 9(b) and Plaintiff's claims must be dismissed.

14      Next, for Plaintiff's "resemble and substitute claim," all that Plaintiff alleges

15  is that the "No Sugar Added" label is "illegal and deceptive," (FAC, ¶ 15), and that

16  the "No Sugar Added" label is "in violation of FDA and state regulations" because

17  ZICO Coconut Water does not resemble and substitute for a food that normally

18  contains added sugars, including, without limitation, pure coconut water harvested

19  from a coconut (21 C.F.R. § 101.60(c)(2)(iv)."  (*Id.* at ¶ 28(b)).  This conclusory

20  allegation does not explain how "No Sugar Added" is false or misleading; it is

21  merely an unadorned, "the-defendant-unlawfully-harmed-me accusation"

22  insufficient under Rule 12(b)(6) pleading standards, let alone the heightened

23  standards under Rule 9(b).  *Iqbal*, 556 U.S. at 678.

24      Furthermore, generally alleging that a label is "illegal and deceptive" without

25  explaining how or merely alleging "violation[s] of FDA and state regulations" is

26  insufficient to state a claim for consumer fraud under any theory.  *See Pardini v.*

27  *Unilever U.S., Inc.*, 961 F. Supp. 2d 1048, 1059-60 (N.D. Cal. 2013) ("Plaintiff

28  cannot state a claim by merely pleading a violation of the FDCA and its

implementing regulations."); *Mason v. Coca-Cola Co.*, 774 F. Supp. 2d 699, 705 n. 4 (D.N.J. 2011) ("[N]ot every regulatory violation amounts to an act of consumer fraud."); *see also Wilson v. Frito-Lay N. Am., Inc.*, No. 12-1586 SC, 2013 WL 5777920, at *8 (N.D. Cal. Oct. 24, 2013) (dismissing UCL claim arising from alleged "violation of labeling laws alone" under the Sherman Law or FDA regulations).  Accordingly, Plaintiff's FAC should be dismissed because each cause of action falls well short of the specific pleading requirements set forth in Rule 9(b).

## VII.    PLAINTIFF'S "RESEMBLE AND SUBSTITUTE" THEORY IS PREEMPTED

Plaintiff's causes of action predicated on a theory that ZICO Coconut Water does not "resemble and substitute" for products with added sugar are expressly preempted because (1) the FDA has explicitly provided for use of the phrase "No Sugar Added" under § 101.60(c)(2), and the "No Sugar Added" label at issue here plainly complies with § 101.60(c)(2); and (2) Plaintiff cannot impose requirements for using the "No Sugar Added" label not found in § 101.60(c)(2).

### A.    The FDCA and NLEA Preempt Mislabeling Claims Where, as here, the Labeling Complies with Regulations

Here, as with most food mislabeling cases, Plaintiff is not suing under the FDCA or NLEA, but under California state law.  (FAC, ¶¶ 42-83.)  There is a good reason why: the FDCA contains an express preemption provision, 21 U.S.C. § 343-1(a): "[e]xcept as provided in subsection (b) of this section, no State or political subdivision of a State may directly or indirectly establish . . . any requirement for a food" which is not identical to the requirements of the FDCA.  *Trazo v. Nestle USA, Inc.*, No. 5:12-cv-4083218, 2013 WL 4083218, at *5 (N.D. Cal. Aug. 9, 2013).  In other words, states may not adopt food labeling requirements governed by the NLEA that are different from, or additional to, those imposed by the federal statutory scheme.  *Id.*  The FDCA also contains 21 U.S.C. § 337(a), a provision the Supreme Court holds gives rise to implied preemption and, therefore, "there is no

private right of action to enforce the FDCA." *Id.* Accordingly, "the rule that emerges from cases discussing the FDCA's preemptive force is as follows[:] To avoid express preemption under Section 343-1(a), the plaintiff must be suing for conduct that violates the FDCA. However, the plaintiff must not be suing solely *because* the conduct violates the FDCA, else his claim would be impliedly preempted under Section 337(a)." *Id.* (citations omitted) (emphasis in original).

"[I]t is easy to see why Congress would not want to allow states to impose disclosure requirements . . . Manufacturers might have to print 50 different labels, driving consumers who buy food products in more than one state crazy." *Turek v. Gen. Mills, Inc*., 662 F.3d 423, 426 (7th Cir. 2011).

Courts will apply preemption in mislabeling cases where, as here, the label claims being made are permitted under the applicable FDA regulations. *See Viggiano*, 944 F. Supp. 2d at 892 (ruling that because the label claims at issue were "expressly permitted by FDA regulations," plaintiff's UCL, FAL, and CLRA claims were expressly preempted); *Backus v. Nestle USA, Inc*., 167 F. Supp. 3d 1068, 1075-76 (N.D. Cal. Mar. 8, 2016) (state law claims expressly preempted because claim made on the label was authorized by FDA regulations); *Lam v. General Mills, Inc.,* 859 F. Supp. 2d 1097, 1102-04 (N.D. Cal. 2012) (statements that product was "fruit flavored" and "naturally flavored" are expressly permitted by FDA regulations, preempting state law claims); *Chacanaca v. Quaker Oats Co,* 752 F. Supp. 2d 1111, 1118–23 (N.D. Cal. 2010) (finding preemption because package labeling was permissible under FDA regulations); *Samet v. Proctor & Gamble, Co*., No. 5:12-cv-01891 PSG, 2013 WL 3124647, at *6 (N.D. Cal. June 18, 2013) (dismissing "fruit display" labeling challenge where plaintiff sought to impose requirements beyond the FDA regulations and where the label claim complied with the FDA regulation); *Hairston v. S. Beach Beverage Co*., No. CV 12-1429-JFW DTBX, 2012 WL 1893818, at *3 (C.D. Cal. May 18, 2012) (finding plaintiff's challenge to use of fruit names was preempted). Moreover, this Court

1   can dispense with Plaintiff's "resemble and substitute" theory even if it does not

2   resolve the entire FAC.  *Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100,

3   1124 (N.D. Cal. 2013) (finding most of plaintiff's labeling challenges preempted

4   because "[t]he Court agrees with Mars's reading of the FDA's regulations).

5        **B.**    **ZICO Coconut Water's "No Sugar Added" Claim Complies with**

6                  **21 C.F.R. § 101.60(c)(2)(iv)**

7        Plaintiff's "resemble and substitute" theory is expressly preempted because

8   the "No Sugar Added" claim here is explicitly permitted under the applicable FDA

9   regulation, 21 C.F.R. § 101.60(c)(2)(iv) (allowing "No Sugar Added" claim where

10  "[t]he food that it resembles and for which it substitutes normally contains added

11  sugars.").  Simply stated, ZICO can make the "No Sugar Added" claim so long as it

12  meets the requirements set forth in 21 C.F.R. § 101.60(c)(2)(iv).  The "No Sugar

13  Added" claim on ZICO Coconut Water complies with 21 C.F.R. § 101.60(c)(2)(iv)

14  because coconut water resembles and substitutes for other products that normally

15  contain added sugar, including myriad fruit beverages.

16         1.    ***Per the FDA, Juices "resemble[] and substitute[]" for Juices***

17       The definition of "substitute" found in the FDCA, 21 C.F.R. § 101.13(d),

18  confirms ZICO's compliance.  While there is no specific definition of "resembles"

19  or "substitutes" in § 101.60(c)(2), the regulation at issue, the FDA elsewhere

20  defines a "substitute food."  Pursuant to 21 C.F.R. § 101.13(d), "[a] substitute food

21  is one that may be used interchangeably with another food that it resembles, i.e.,

22  that it is organoleptically, physically, and functionally (including shelf life) similar

23  to, and that it is not nutritionally inferior to unless it is labeled as an 'imitation.'"

24       The FDA regulates coconut water as a juice.  *See, e.g.*, RFJN, Exs. G and H,

25  FDA Warning Letters to Harmless Harvest and Vital Juice (applying juice

26  regulations to coconut water because "[c]oconut water products are considered

27  juice").  And, consistent with the plain language of § 101.60(c)(2)(iv) and §

28  101.13(d), the FDA views "substitute" juice products broadly, given the taste,

1    color, odor, texture, and function of these products.  Specifically, in the FDA

2    Inspection Guide, the general product category of "fruits and fruit juice" expressly

3    refers to "juices, nectars, and fruit drinks," and incorporates a broader range of

4    products within the product category, such as, among other things, any

5    "noncarbonated drinks containing any amount of fruit juice or nectar."  *See* RFJN

6    Ex. E, FDA Inspection Guide, at p. 13.[8]  The FDA considers juice as an established,

7    broad category of beverages, as set forth in 21 C.F.R. § 101.30.  Pursuant to these

8    regulations, the FDA requires declaring the percentage of juice in a juice beverage,

9    whether a 100% juice product or a lesser percentage juice product.

10         When appropriate, the FDA does view certain "substitute" products more

11    narrowly, such as watermelon, based on their unique organoleptical, physical, and

12    functional nature.  For example, in the FDA Inspection Guide, the only product

13    identified in the product category of "watermelon" is "watermelon."  *See* RFJN Ex.

14    E, FDA Inspection Guide, at p. 12.  Watermelon has a unique texture, taste, and

15    function.  This is simply not the same for juice – which is an entirely different

16    product category according to the FDA.

17         Moreover, to cloak his strained interpretation of applicable regulations in an

18    aura of legitimacy, Plaintiff misleadingly cites to certain FDA commentary from 58

19    Fed. Reg. 2302, 2327 (Jan. 6, 1993).  Plaintiff asserts, based on a complete

20    misunderstanding of the regulation and references, that "No Sugar Added" claims

21    are not permissible on fruit juices due to "substantial inherent sugar content" in

22    juices.  (FAC, ¶ 47.)[9]  Plaintiff misapprehends both the FDA's Federal Register

23

24
_____

[8] In Opposition, Plaintiff may cite to footnote 4 in *Mott's*, 2014 WL 325241, at *5
to try to advocate for an overly narrow view of substitute products, but the *Mott's*

25   court did not make any specific rulings regarding the appropriate set of comparison
products for apple juice or apple sauce, the products there at issue.  *Id.*

26   [9] The actual text states: "The intent of the agency in defining these terms was to aid
consumers in implementing dietary guidelines that stipulate that Americans should

27   'consume sugars only in moderation,' consistent with the definition for 'sugars' that
FDA is adopting in new § 101.9(c)(6)(ii) in the final rule on mandatory nutrition

28   labeling. In implementing the guidelines, the purpose of the 'no added sugar' claim

1   commentary and the relevant FDA regulations.  The cited Federal Register

2   commentary explains "No Sugar Added" claims are to aid consumers in

3   differentiating between similar foods that would normally be expected to contain

4   added sugars.  *See* 58 Fed. Reg. 2302, 2327.  Nowhere in the referenced section

5   does the FDA state that fruit juices cannot make "No Sugar Added" claims.  Rather,

6   the FDA explains that a "No Sugar Added" claim is not appropriate on foods that

7   typically do not contain added sugars – for example, a "No Sugar Added" claim

8   may not be appropriate for broccoli.

9        In addition, claims of "Sugar Free" or "Without Sugar"[10] are not appropriate

10   on foods, which would include fruit juices, that contain inherent sugar.  However,

11   the FDA created a specific regulation (21 CFR § 101.60(c)(3)[11]) that allows food

12   manufacturers to make statements of fact that (1) a food is unsweetened, or (2) that

13   a food contains no added sweeteners in the case of a food that typically does

14   contain inherent sugars, citing fruit juices as an example.  Plaintiff attempts to

15   misconstrue this reference to say that fruit juices contain inherent sugar and

16   _____

17   is to present consumers with information that allows them to differentiate between
     similar foods that would normally be expected to contain added sugars, with respect
18   to the presence or absence of added sugars. Therefore, the 'no added sugar' claim is
     not appropriate to describe foods that do not normally contain added sugars. *In
19   such cases, proposed § 101.60(c)(3) would provide for the use of a factual
     statement that the food is <u>unsweetened</u>, or that it contains no added <u>sweeteners</u>
20   in the case of a food that contains apparent substantial inherent sugar content, e.g.,
     fruit juices, without requiring that the food meet the definition for 'sugar free.'"*
21   (emphasis added).

22   [10] For a full list of claims, *see* 21 C.F.R. § 101.60(c)(1), which is the cross-
     referenced regulation cited in 21 C.F.R. § 101.60(c)(3), and which relates
23   specifically to the claims "sugar free," "free of sugar," "no sugar," and "zero
     sugar," for example.  Notably, 21 C.F.R. § 101.60(c)(1) does not address "No Sugar
24   Added" claims, which are expressly set forth in 21 C.F.R. § 101.60(c)(2), the
     regulation at issue in the FAC, again demonstrating that Plaintiff does not
25   understand the critical difference between the relevant "sugar" regulations.

26   [11] "Paragraph (c)(1) of this section shall not apply to a factual statement that a food,
     including foods intended specifically for infants and children less than 2 years of
27   age, is unsweetened or contains no added sweeteners in the case of a food that
     contains apparent substantial inherent sugar content, e.g., juices." *See* 21 C.F.R. §
28   101.30(c)(1).

1   therefore fruit juices cannot make "No Sugar Added" claims.  (FAC,¶ 47.)  The

2   FDA is actually saying the opposite in 21 C.F.R. § 101.60(c)(3).  There is no

3   dispute that fruit juice naturally contains inherent sugar.  ZICO is simply saying

4   that its Coconut Water does not contain any *added* sugar in addition to the existing

5   inherent sugar.  The FDA contemplates, and expressly allows, "No Sugar Added"

6   claims under these circumstances, as set forth in 21 C.F.R. § 101.60(c)(2), and as

7   indicated in the very Federal Register reference cited by Plaintiff.  Moreover,

8   nowhere in the actual "No Sugar Added" regulation does the FDA say that a "No

9   Sugar Added" claim is inappropriate for use on juice products.

10              2.    ***ZICO Coconut Water Resembles and Substitutes for Juices***

11                        ***with Added Sugar***

12          Consistent with the FDA's requirements, ZICO Coconut Water is labeled

13   "No Sugar Added" because it resembles and substitutes for "fruit juices (excluding

14   lemon and lime juice), nectars, noncarbonated drinks containing any amount of fruit

15   juice or nectar" to which sugar is added.  It is a well-known fact that many juices

16   contain added sugar.  ZICO respectfully requests the Court take judicial notice of

17   the fact that many "juices, nectars, and fruit drinks" contain added sugar.  RFJN,

18   Ex. F, FDA's Changes to the Final Nutrition Facts Label: Q and A at p. 7 (stating

19   that major sources of calories "from added sugars" consumed by Americans include

20   "fruit drinks"); RFJN, Ex. D (exemplar juice labels reflecting added sugars).

21          ZICO Coconut Water is properly labeled "No Sugar Added" to differentiate

22   between those various substitute juice products with added sugar and those juice

23   products without.  Accordingly, the "No Sugar Added" label is truthful, accurate,

24   and complies with the FDA regulation Plaintiff has placed at issue, 21 C.F.R. §

25   101.60(c)(2)(iv).  Plaintiff's state law claims predicated on his "resemble and

26   substitute" theory are preempted as a result.  *See, e.g., Viggiano*, 944 F.Supp.2d at

27   890 (finding preemption because, "[a]s FDA regulations explicitly authorized

28   Hansen to label the product as it did, any state law requiring Hansen to use

1   additional or different labeling would not be at identical to FDA regulations and

2   would be preempted by the FDCA.").

3         **C.**    **Plaintiff Cannot Impose Requirements Contrary to the FDA**

4        Plaintiff's UCL, FAL, and CLRA claims are also preempted to the extent he

5   seeks to impose requirements on ZICO with respect to the "No Sugar Added" label

6   that differ from the FDCA and NLEA.  *See Astiana v. Ben & Jerry's Homemade,*

7   *Inc.*, No. 10-4387, 2011 WL 2111796, at *8 (N.D. Cal. May 26, 2011) ("Consumer

8   protection laws (such as the UCL) are preempted if they seek to impose

9   requirements" that differ from those mandated by federal law).

10        Here, Plaintiff is attempting to argue that ZICO cannot use "No Sugar

11   Added" on its Coconut Water because other *identical* coconut waters do not contain

12   added sugar.  (FAC, ¶¶ 40-50.)  Plaintiff implausibly asserts the only substitute

13   food for ZICO Coconut Water is "pure coconut water harvested from a coconut."

14   (FAC, ¶ 48).  (Elsewhere, Plaintiff inconsistently asserts ZICO Coconut Water <u>does</u>

15   <u>not</u> "resemble and substitute for . . . pure coconut water harvested from a coconut."

16   (FAC ¶ 28(b)) and, in his original complaint, Plaintiff alleged "orange juice" as the

17   comparative product (Compl. 26(b)).)  As detailed above, the FDA rejects

18   Plaintiff's interpretation.  Instead, the FDA broadly conceives juice and juice

19   drinks, including coconut water, as all non-carbonated fruit drinks containing "any

20   amount of fruit juice or nectar."  *See* § 101.60(c)(2)(iv), § 101.13(d), and RFJN, Ex.

21   E, FDA Inspection Guide, p. 13.  Plaintiff's allegation of coconut water as the sole

22   substitute is contrary to what the FDA permits.  Therefore, Plaintiff's mislabeling

23   theory underpinning his UCL, FAL, and CLRA claims is expressly preempted.

24   **VIII.**  **PLAINTIFF DOES NOT HAVE STATUTORY STANDING TO**

25               **PURSUE INJUNCTIVE RELIEF**

26        Plaintiff lacks statutory standing to pursue injunctive relief on behalf of

27   himself or the putative class because the FAC fails to allege any likelihood of future

28   harm.  He can no longer potentially be deceived by the "No Sugar Added" label.

1    In order to have statutory standing to complain about unlawful or deceptive

2    behavior under the UCL, FAL, and CLRA, Plaintiff must demonstrate some "causal

3    nexus between the unlawful or deceptive act and damages incurred by" Plaintiff.

4    *Mott's*, 2014 WL 5282106, at *4.  These standing requirements were voted in place

5    via Proposition 64 to "curtail frivolous lawsuits under California's unfair

6    competition laws." *Mott's*, 2014 WL 5282106, at *4.  "The California voters

7    identified the gateway for these abuses as the unaffected plaintiff, which was often

8    the sham creation of attorneys, and expressed their intent to prohibit private

9    attorneys from filing lawsuits for unfair competition where they have no client who

10   has been injured in fact under the standing requirements of the United States

11   Constitution." *Id*. (citations omitted).  Proposition 64 was "also aimed at

12   preventing individual citizens from bringing suits on behalf of the public at large,"

13   relegating authority "to file and prosecute actions on behalf of the general public"

14   to only the California Attorney General and local officials.  *Id*.  (citations omitted).

15   Here, Plaintiff is attempting to "rely on past injury to provide statutory

16   standing for injunctive relief" which is "inconsistent with Prop 64's prohibition on

17   the ability of individuals to file lawsuits 'on behalf of the general public.'"  *Id*. at

18   *5; *see Madrid*, 130 Cal. App. 4th at 464-65 ("[Injunctive relief] . . . is not a

19   remedy designed to right completed wrongs") (citations omitted); *People v.*

20   *Toomey*, 157 Cal. App. 3d 1, 20 (1984) ("Injunctive relief under sections 17203 and

21   17535 cannot be used . . . to enjoin an event which has already transpired; a

22   showing of threatened future harm or continuing violation is required[,] . . .absent a

23   showing that past violations will probably recur") (citations omitted); *People ex rel.*

24   *Brown v. Powerex Corp.*, 153 Cal. App. 4th 93, 112 (2007) (construing § 17203);

25   *see also Scripps Health v. Marin*, 72 Cal. App. 4th 324, 332 (1999) (citations

26   omitted) ("[Injunctive relief] should neither serve as punishment for past acts, nor

27   be exercised in the absence of any evidence establishing the reasonable probability

28   the acts will be repeated in the future.  Indeed, a change in circumstances at the

1  time of the hearing, rendering injunctive relief moot or unnecessary, justifies denial

2  of the request."); *Donald v. Cafe Royale, Inc.*, 218 Cal. App. 3d 168, 184 (1990)

3  ("Injunctive relief will be denied where, at the time of the order or judgment, no

4  reasonable probability exists of the recurrence of the past acts.").

5       Plaintiff's conclusory allegation that he "intends to purchase the product

6  again," (FAC ¶ 16), does not save his injunctive relief claim because he still cannot

7  allege a future risk of harm: regardless of any alleged prior confusion, Plaintiff now

8  fully understands the "No Sugar Added" label in the context of other products and

9  will not be misled by the label in the future.  *See Mott's*, 2014 WL 5282106,  at *4-

10  5 (finding that plaintiff lacked statutory standing to pursue injunctive relief under

11  the UCL, FAL, and CLRA even though he alleged that he "intends to purchase

12  Mott's 100% apple juice in the future...."); *Madrid*, 130 Cal. App. 4th at 462-67

13  (finding that plaintiff was not entitled to rely on past conduct to support his

14  injunctive relief claim under the UCL and granting demurrer with prejudice).

15  Plaintiff's FAC conclusively demonstrates that the "No Sugar Added" label cannot

16  injure him again and therefore he lacks statutory standing to pursue an injunction.

17  **IX.**  **IN THE ALTERNATIVE, THE COURT SHOULD ISSUE A STAY**

18       If the Court does not dismiss Plaintiff's FAC with prejudice for the foregoing

19  reasons, then the Court should stay this case.  The Ninth Circuit is expected to

20  provide guidance regarding the two following issues in *Mott's*, which are important

21  to this case too: (1) whether a consumer lacks standing to pursue injunctive relief

22  once aware of the allegedly misleading or unlawful nature of the label; and (2)

23  whether the court properly denied certification of a liability-only class because

24  there was no evidence of predominance as to damages.  RFJN, Ex. A, pp. 2-3.[12]

25

26  _____

27  [12] In *Major v. Ocean Spray Cranberries, Inc.*, No. 15-15880, 2017 WL 1857291, at
*1 (9th Cir. May 8, 2017), the Ninth Circuit affirmed summary judgment in favor
28  of Ocean Spray, in part because its "No Added Sugar" claims on its 100% Juice
complied with the same regulation at issue here, 21 C.F.R. § 101.60(c)(2)(i)-(v).

In considering whether a stay is appropriate, courts generally weigh three factors: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Gustavson v. Mars, Inc.,* No. 13–cv–04537–LHK, 2014 WL 6986421, at *2 (N.D. Cal. Dec. 10, 2014) (internal quotation marks and citation omitted) (applying factors drawn from the Supreme Court's decision in *Landis v. North American Co.,* 299 U.S. 248 (1936)); *see also Leonhart v. Nature's Path Foods, Inc.,* No. 13-CV-00492-BLF, 2015 WL 3548212, at *3-4 (N.D. Cal. June 5, 2015) (granting a motion to stay of a sodium-related labeling class action because the Ninth Circuit was considering class certification requirements in similar cases).

As to the first factor, Plaintiff will not face any possible damage pending a stay. Indeed, the Ninth Circuit's guidance regarding the potential scope of relief, including whether injunctive relief is even potentially available where, as here, the Plaintiff understands the content of the ZICO product vis-à-vis the unspecified substitute food products, inures to both parties' benefit. On summary judgment, the *Mott's* court held the plaintiff lacked Article III standing even where he alleged an intent to purchase in the future because he "cannot plausibly prove that he will, in the future, rely on the 'No Sugar Added' statement to his detriment," once aware of the label's nature. *Mott's,* 2014 WL 5282106, at *6. Other courts, however, find that plaintiffs have Article III standing to pursue injunctive relief even if they do not intend to purchase the products in the future. *See, e.g., Larsen v. Trader Joe's Co.,* No. C 11-05188 SI, 2012 WL 5458396, at *3-4 (N.D. Cal. June 14, 2012). Here, because Plaintiff understands the alleged composition and ingredients in the ZICO products, there is no risk he will be misled in the future and he does not have statutory standing or even Article III standing to pursue injunctive relief. With respect to Article III standing, there at least appears to be a split of authority in this

area that the Ninth Circuit will address shortly.  Further, Plaintiff's counsel is not likely to become otherwise engaged because it represents the plaintiff in *Mott's* and is vested in the outcome.  Moreover, any stay will be brief.  Oral argument on *Mott's* took place on April 19, 2017, and the Ninth Circuit is expected to rule soon.

The second factor, the hardship of going forward without a stay, also weighs in favor of issuing a stay.  Absent a stay, the parties' anticipated class certification briefing will be disadvantaged without the benefit of guidance from the Ninth Circuit on *Mott's*, the sole case to previously address the same criteria of the regulation at issue here.  And, both parties would be at risk of expending resources needlessly if the Ninth Circuit soon clarifies the requirements for certification and summary judgment on "No Sugar Added" labeling cases.  The parties may have to re-open discovery, re-depose key witnesses, and re-brief motions if the Ninth Circuit's rulings change or clarify the law.

Finally, the third factor also weighs in favor of a stay because the issues in this case will be simplified by the ruling in *Mott's*.  *Mott's* involves California consumer claims challenging "No Sugar Added" labeling on behalf of putative classes.  The Ninth Circuit's determination regarding the applicability of injunctive relief and the necessary showing for a liability only class will likely apply here.  There is also a risk of inconsistent results if this case is not stayed pending *Mott's*.

## X.  <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion and dismiss Plaintiff's FAC with prejudice.  In the alternative, Defendant requests a stay pending the Ninth Circuit's resolution of *Mott's*.

Dated: May 31, 2017            **DLA PIPER LLP (US)**

By: /s/ Jeffrey A. Rosenfeld
_____
JEFFREY A. ROSENFELD
Attorneys for Defendant
ZICO BEVERAGES LLC