UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1712 FMO (KSx) | Date | July 3, 2017 |
|---|---|---|---|
| Title | Carlos Barrios v. Zico Beverages, LLC | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     (In Chambers) Order Re: Motion to Dismiss

Having reviewed and considered all the briefing filed with respect to defendant Zico Beverages, LLC's ("defendant" or "Zico") Motion to Dismiss First Amended Complaint or, in the Alternative, Stay (Dkt. 25-1, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

The court will deny the Motion for the reasons set forth in the Court's Order of June 28, 2017 (Dkt. 34), in Stephen Wilson, et al. v. Odwalla, Inc., et al., Case No. 17-2763 (C.D. Cal.) ("Wilson Action").[1] With respect to defendant's contention that plaintiff Carlos Barrios' ("plaintiff") First Amended Complaint (Dkt. 17, "FAC") fails to meet the pleading requirements of Rule 8 and 9(b) of the Federal Rules of Civil Procedure, (see Dkt. 25-1, Motion at 10-15), the court adopts the reasons set forth in Wilson. (See Wilson Action, Dkt. 34, Court's Order of June 28, 2017, at 4). In addition, the court finds that the FAC has adequately alleged the "the who, what, when, where, and how of the misconduct charged." Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir.), cert. denied, 562 U.S. 1102 (2010). Barrios alleges that Zico made false or misleading statements by attaching "No Sugar Added" labels to their coconut water products. (See Dkt. 17, FAC at ¶¶ 1-3, 5-6, 32).

With respect to defendant's argument that plaintiff lacks statutory standing to assert a violation of California Business and Professions Code §§ 17200, et seq. ("UCL"), (see Dkt. 25-1, Motion at 23), and lacks standing because plaintiff "now fully understands the 'No Sugar Added' label in the context of other products and will not be misled by the label in the future," (see id. at 21-23), the court agrees with the Wilson court that, if the court were to adopt defendant's constrained reading of standing, "unlawful practices such as those alleged here could never be enjoined, and the purpose of the statute would not be served." (Wilson Action, Dkt. 34, Court's

---

[1] The same law firms represent plaintiff and defendant, respectively, in this action and the Wilson Action. In addition, the Motion in this action is similar to the motion to dismiss in the Wilson Action. (Compare Dkt. 25-1, Motion, with Wilson Action, Dkt. 22-1, Motion).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1712 FMO (KSx) | Date | **July 3, 2017** |
|---|---|---|---|
| Title | **Carlos Barrios v. Zico Beverages, LLC** | | |

Order of June 28, 2017, at 5).

     Defendant's contention that Barrios' claims are preempted because defendant's "No Sugar Added" label complies with the applicable Food and Drug Administration (FDA) regulations, (see Dkt. 25-1, Motion at 15-21), is unpersuasive. Defendant contends that its product "resembles" and is a "substitute" for a product that normally contains sugar, see 21 C.F.R. § 101.60(c)(2)(iv), which defendant contends is fruit juice. (See Dkt. 25-1, Motion at 18). Like the court in the Wilson Action, this court finds that defendant's reliance on the FDA's inspection guide to contend that its product substitutes and resembles fruit juice is "insufficient to establish that the FDA views comparison juice products broadly for the purposes of the regulation at issue." (Wilson Action, Dkt. 34, Court's Order of June 28, 2017, at 3) (internal citation and quotation marks omitted); (see Dkt. 26-6, Request for Judicial Notice [] at Exh. F) (inspection guide). And like the court in the Wilson Action, this court is not inclined to rely on screen shots of various fruit drinks with added sugars as support for defendant's claim that its product "substitutes" and "resembles" fruit juices that normally contain added sugars. (See Wilson Action, Dkt. 34 Court's Order of June 28, 2017, at 4). Finally, the court is not inclined to grant a stay for the reasons set forth in the Court's Order of June 28, 2017, at 6-7 (Dkt. 34). (See Wilson Action, Dkt. 34 Court's Order of June 28, 2017, at 6-7).

### CONCLUSION

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

     Based on the foregoing, IT IS ORDERED THAT:

     1. Zico Beverages LLC's Motion to Dismiss First Amended Complaint or, in the Alternative Stay (**Document No. 25**) is **denied**.

     2. Defendant shall file its answer to the First Amended Complaint no later than **July 17, 2017**.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | vdr |