1    JEFFREY A. ROSENFELD (SBN 136896)
     jeffrey.rosenfeld@dlapiper.com
2    RACHEL E. K. LOWE (SBN 246361)
     rachel.lowe@dlapiper.com
3    MONICA D. SCOTT (SBN 268109)
     monica.scott@dlapiper.com
4    SEAN R. CRAIN (SBN 291515)
     sean.crain@dlapiper.com
5    **DLA PIPER LLP (US)**
     2000 Avenue of the Stars
6    Suite 400, North Tower
     Los Angeles, California  90067-4704
7    Tel:  310.595.3000
     Fax:  310.595.3300
8
     Attorneys for Defendant
9    ZICO BEVERAGES LLC

10

11                    **UNITED STATES DISTRICT COURT**

         **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**
12

13   CARLOS BARRIOS, individually, and          CASE NO. 2:17-cv-01712-FMO (KSx)
     on behalf of a class of similarly situated
14   individuals,                               **DEFENDANT ZICO BEVERAGES**
                                                 **LLC'S ANSWER TO PLAINTIFF'S**
15                 Plaintiff,                    **FIRST AMENDED COMPLAINT**

16          v.                                   **DEMAND FOR JURY TRIAL**

17   ZICO BEVERAGES LLC, a Delaware
     limited liability company,
18                                               Complaint Filed:  March 2, 2017
                   Defendant.                    FAC Filed:        May 17, 2017
19

20

21

22

23

24

25

26

27

28

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**
EAST\144949634.2

1    Defendant ZICO BEVERAGES LLC ("Defendant") hereby answers the First

2    Amended Class Action Complaint of Plaintiff CARLOS BARRIOS (the

3    "Complaint"), and asserts the following affirmative defenses.  Any allegations that

4    are not specifically admitted herein are denied.

5                            **ANSWER TO ALLEGATIONS**

6                               **INTRODUCTION**

7          1.     Answering paragraph 1, Defendant admits that Plaintiff purports to

8    bring this action on behalf of a putative class.  Except as expressly admitted,

9    Defendant denies the allegations in this paragraph.

10         2.     Answering paragraph 2, Defendant admits that Food and Drug

11   Administration ("FDA") regulations specify nutrient content claims concerning

12   sugar.  Except as expressly admitted, Defendant denies the allegations in this

13   paragraph.

14         3.     Answering paragraph 3, Defendant denies that ZICO Coconut Water

15   contains added sugars.  This paragraph otherwise asserts legal conclusions and

16   argument to which no response is required.  To the extent a response is required,

17   Defendant denies the allegations in this paragraph.

18         4.     Answering paragraph 4, Defendant lacks knowledge or information

19   sufficient to form a belief as to the truth of the averments in this paragraph and on

20   that basis denies them.

21         5.     Answering paragraph 5, Defendant admits that ZICO Coconut Water

22   is widely distributed in the United States.  Except as expressly admitted, Defendant

23   denies the allegations in this paragraph.

24         6.     Answering paragraph 6, Defendant admits that the images in this

25   paragraph depict "No Sugar Added" claims on certain ZICO Coconut Water

26   containers.  Except as expressly admitted, Defendant denies the allegations in this

27   paragraph.

28

7.      Answering paragraph 7, this paragraph asserts legal conclusions and argument to which no response is required.  21 C.F.R. § 101.60(c)(2) speaks for itself.  Except to the extent 21 C.F.R. § 101.60(c)(2) is directly quoted, Defendant denies Plaintiff's characterization of 21 C.F.R. § 101.60(c)(2).

8.      Answering paragraph 8, this paragraph asserts legal conclusions and argument to which no response is required.  The FDA's commentary speaks for itself.  Except to the extent the commentary is directly quoted, Defendant denies the allegations in this paragraph.

9.      Answering paragraph 9, Defendant denies that ZICO Coconut Water contains added sugars.  This paragraph, including subparagraphs (a)-(b), otherwise asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

10.      Answering paragraph 10, Defendant denies that ZICO Coconut Water contains added sugars.  This paragraph otherwise asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

11.      Answering paragraph 11, this paragraph asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

## PARTIES

## PLAINTIFF CARLOS BARRIOS

12.      Answering paragraph 12, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and on that basis denies them.

13.      Answering paragraph 13, Defendant denies that the "'No Sugar Added' claim" on the label of ZICO Coconut Water is "illegal and deceptive." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and on that basis denies them.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

14.     Answering paragraph 14, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and on that basis denies them.

15.     Answering paragraph 15, Defendant denies that any reliance by Plaintiff was reasonable.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and on that basis denies them.

16.     Answering paragraph 16, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and on that basis denies them.

17.     Answering paragraph 17, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph that Plaintiff "would not have purchased" ZICO Coconut Water without the "No Sugar Added" claim, and on that basis denies them.  Defendant otherwise denies the allegations in this paragraph.

## DEFENDANT

18.     Answering paragraph 18,  Defendant admits that ZICO Beverages LLC is a Delaware limited liability company that conducts business in California.  Except as expressly admitted, Defendant denies the remaining allegations.

19.     Answering paragraph 19, Defendant admits that it conducts business in Los Angeles County, California.  Except as expressly admitted, Defendant denies the remaining allegations.

## JURISDICTION

20.     Answering paragraph 20,  Defendant admits Plaintiff purports to bring this action on behalf of a putative class.  Defendant denies that class treatment is appropriate for Plaintiff's claims.

21.     Answering paragraph 21, including subparagraphs (a)-(c), Defendant admits that this Court has subject matter jurisdiction over this action.

1  Except as expressly admitted, Defendant denies the remaining allegations in this

2  paragraph.

3       22.    Answering paragraph 22, Defendant admits that this Court has

4  personal jurisdiction over Defendant in this action.  Except as expressly admitted,

5  Defendant denies the remaining allegations in this paragraph of the Complaint.

6  <u>**VENUE**</u>

7       23.    Answering paragraph 23, Defendant admits that this Court has

8  personal jurisdiction over Defendant in this action.  Except as expressly admitted,

9  Defendant denies the remaining allegations in this paragraph of the Complaint.

10       24.    Answering paragraph 19[1] *[sic]*, this paragraph asserts legal

11  conclusions and argument to which no response is required.  To the extent a

12  response is required,  Defendant denies the allegations in this paragraph.

13       25.    Answering paragraph 20 *[sic]*, Defendant admits that venue is proper

14  in this Court.

15  <u>**FACTUAL ALLEGATIONS**</u>

16       26.    Answering paragraph 24, Defendant lacks knowledge or information

17  sufficient to form a belief as to the truth of the averments in this paragraph and on

18  that basis denies them.

19       27.    Answering paragraph 25, Defendant admits that the labels of certain

20  ZICO Coconut Water containers state "No Sugar Added," and that certain images

21  of those labels appear on Defendant's website.  Except as expressly admitted,

22  Defendant denies the allegations in this paragraph.

23       28.    Answering paragraph 26, this paragraph asserts legal conclusions and

24  argument to which no response is required.  21 C.F.R. § 101.60(c)(2) speaks for

25  itself.  Except to the extent 21 C.F.R. § 101.60(c)(2) is directly quoted, Defendant

26  denies Plaintiff's characterization of 21 C.F.R. § 101.60(c)(2).

27

28

---

[1] The paragraphs of Plaintiff's Complaint are incorrectly numbered starting at the second paragraph 19 on page 7.

-4-

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

1        29.     Answering paragraph 27, this paragraph asserts legal conclusions and

2   argument to which no response is required.  The FDA's commentary speaks for

3   itself.  Except to the extent the commentary is directly quoted, Defendant denies the

4   allegations in this paragraph.

5        30.     Answering paragraph 28, Defendant denies that ZICO Coconut

6   Water contains added sugars.  This paragraph otherwise asserts legal conclusions

7   and argument to which no response is required.  To the extent a response is

8   required, Defendant denies the allegations in this paragraph.

9        31.     Answering paragraph 29, Defendant denies that ZICO Coconut

10   Water contains added sugars.  Defendant lacks knowledge or information sufficient

11   to form a belief as to the truth of the averments regarding purported "ingredient

12   analysis performed by various laboratories in the United States."  Defendant

13   otherwise denies the allegations in this paragraph.

14        32.     Answering paragraph 30, this paragraph asserts legal conclusions and

15   argument to which no response is required.  To the extent a response is required,

16   Defendant denies the allegations in this paragraph.

17   <u>**CLASS ACTION ALLEGATIONS**</u>

18        33.     Answering paragraph 31, Defendant admits that Plaintiff purports to

19   bring this action as a putative class action.  Except as expressly admitted, Defendant

20   denies the allegations in this paragraph.  Defendant further denies that class

21   treatment is appropriate for Plaintiff's claims.

22        34.     Answering paragraph 32, this paragraph asserts legal conclusions and

23   argument to which no response is required.  To the extent a response is required,

24   Defendant denies the allegations in this paragraph.  Defendant further denies that

25   California law provides relief to the nationwide putative class.

26        35.     Answering paragraph 33, this paragraph asserts legal conclusions and

27   argument to which no response is required.  To the extent a response is required,

28   Defendant denies the allegations in this paragraph.

36.     Answering paragraph 34, this paragraph asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

37.     Answering paragraph 35, this paragraph asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

38.     Answering paragraph 36, this paragraph asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

39.     Answering paragraph 37, this paragraph asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

40.     Answering paragraph 38, this paragraph asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

41.     Answering paragraph 39, this paragraph asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

## FIRST CAUSE OF ACTION

**(Violation of California Business & Professions Code § 17200 *et seq*.)**

42.     Answering paragraph 40, Defendant admits that Plaintiff purports to bring this action on behalf of a putative class.  Defendant otherwise denies the allegations in this paragraph.

43.     Answering paragraph  41,  Defendant denies the allegations in this paragraph.

44.     Answering paragraph 42, this paragraph asserts legal conclusions and argument to which no response is required.  California Business & Professions

Code § 17200 speaks for itself.  To the extent a response is required, Defendant denies the allegations in this paragraph.

45.     Answering paragraph 43, Defendant denies that ZICO Coconut Water contains added sugars.  This paragraph otherwise asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

46.     Answering paragraph 44, this paragraph asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

47.     Answering paragraph 45, Defendant admits that 21 C.F.R. § 101.13(d) is quoted accurately.

48.     Answering paragraph 46, this paragraph asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph, including Plaintiff's characterization of the FDA's statements.

49.     Answering paragraph 47, this paragraph asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph, including Plaintiff's characterization of the FDA's statements by selectively quoting them.

50.     Answering paragraph 48, this paragraph asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

51.     Answering paragraph 49, this paragraph asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

52.     Answering paragraph 50, Defendant denies the allegations in this paragraph.

53.     Answering paragraph 51, Defendant denies the allegations in this paragraph.

54.     Answering paragraph 52, Defendant denies the allegations in this paragraph.

55.     Answering paragraph 53, this paragraph asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

56.     Answering paragraph 54, Defendant denies that it has engaged in any "unfair" business act or practice within the meaning of California Business and Professions Code Section 17200.  This paragraph otherwise asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Defendant also lacks knowledge or information sufficient to admit or deny the allegations regarding "the overconsumption of sugar" and its "associated . . . variety of health problems" in this paragraph, and therefore denies the allegations.

57.     Answering paragraph 55, Defendant denies that it has engaged in "illegal" and "deceptive" labeling.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph that Plaintiff "would not have purchased" ZICO Coconut Water without the "No Sugar Added" claim, and on that basis denies them.  Defendant otherwise denies the allegations in this paragraph.

58.     Answering paragraph 56, Defendant denies the allegations in this paragraph.

59.     Answering paragraph 57, Defendant denies the allegations in this paragraph.

60.     Answering paragraph 58, Defendant denies the allegations in this paragraph.

1    61.    Answering paragraph 59, Defendant denies the allegations in this

2    paragraph.

3                        <u>**SECOND CAUSE OF ACTION**</u>

4         **(Violation of California Business & Professions Code § 17500 *et seq*.)**

5    62.    Answering paragraph 60, Defendant hereby incorporates by

6    reference, as though fully set forth therein, paragraphs 1 through 61 of this Answer.

7    63.    Answering paragraph 61, Defendant admits Plaintiff purports to

8    bring this action on behalf of a putative class.  Except as expressly admitted,

9    Defendant denies the allegations in this paragraph.

10    64.    Answering paragraph 62, this paragraph asserts legal conclusions and

11    argument to which no response is required.  California Business & Professions

12    Code § 17500 speaks for itself.  To the extent a response is required, Defendant

13    denies the allegations in this paragraph.

14    65.    Answering paragraph 63, Defendant denies the allegations in this

15    paragraph.

16    66.    Answering paragraph 64, Defendant denies the allegations in this

17    paragraph.

18    67.    Answering paragraph 65, Defendant denies the allegations in this

19    paragraph.

20    68.    Answering paragraph 66, Defendant denies the allegations in this

21    paragraph.

22    69.    Answering paragraph 67, Defendant denies the allegations in this

23    paragraph.

24    70.    Answering paragraph 68, Defendant denies the allegations in this

25    paragraph.

26    71.    Answering paragraph 69, Defendant denies the allegations in this

27    paragraph.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## THIRD CAUSE OF ACTION

### (Violation of California's Consumers Legal Remedies Act, California Civil Code § 1750 *et seq.*)

72. Answering paragraph 70, Defendant hereby incorporates by reference, as though fully set forth therein, paragraphs 1 through 71 of this Answer.

73. Answering paragraph 71, Defendant admits Plaintiff purports to bring this action on behalf of a putative class. Except as expressly admitted, Defendant denies the remaining allegations in this paragraph.

74. Answering paragraph 72, this paragraph asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies the allegations.

75. Answering paragraph 73, this paragraph asserts legal conclusions and argument to which no response is required. Defendant lack knowledge or information sufficient to form a belief as to the truth of the intended product purchases. To the extent a response is required, Defendant denies the allegations.

76. Answering paragraph 74, Defendant denies the allegations in this paragraph.

77. Answering paragraph 75, Defendant denies the allegations in this paragraph.

78. Answering paragraph 76, Defendant denies the allegations in this paragraph.

79. Answering paragraph 77, Defendant denies the allegations in this paragraph.

80. Answering paragraph 78, Defendant denies the allegations in this paragraph.

81. Answering paragraph 79, Defendant denies the allegations in this paragraph.

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

EAST\144949634.2

82. Answering paragraph 80, this paragraph asserts legal conclusions or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

83. Answering paragraph 81, Defendant denies the allegations in this paragraph.

84. Answering paragraph 82, Defendant denies the allegations in this paragraph.

85. Answering paragraph 83, this paragraph asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

<u>**RELIEF REQUESTED**</u>

86. Answering paragraph 84, including subparagraphs (a)-(j), Defendant denies that Plaintiff (or the putative class) is entitled to any relief of any kind whatsoever and, in particular, the relief sought in Paragraphs 91(a), (b), (c), (d), (e), (f), (g), (h), (i) or (j).

<u>**JURY DEMAND**</u>

86. Answering paragraph 84, no response is necessary to Plaintiff's demand for a jury trial.

<u>**AFFIRMATIVE DEFENSES**</u>

In further response to Plaintiff's Complaint, subject to discovery and based on information and belief, and without assuming the burden of proof on any issue for which Plaintiff bears the burden of proof, Defendant asserts the following defenses:

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

(Failure to State a Claim Upon Which Relief Can Be Granted)

Plaintiff's Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

The causes of action asserted in Plaintiff's Complaint are barred by the applicable statutes of limitations, including, but not limited to, California Business & Professions Code § 17208, California Code of Civil Procedure § 338, and California Civil Code § 1783.

## THIRD AFFIRMATIVE DEFENSE

(Lack of Standing)

Plaintiff's Complaint and all causes of action therein are barred, in whole or in part, because Plaintiff and/or the putative class members lack standing to assert any or all of the causes of action alleged in the Complaint, including, among other reasons, because they have sustained no damages or injury and, even if they have sustained injury or damages, such injuries or damages were not related to or caused by Defendant's conduct.  Plaintiff and the putative class further lack standing to seek the forms of relief sought by the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

The causes of action asserted in Plaintiff's Complaint are barred because Plaintiff and the putative class are estopped by their own actions and conduct from pursuing the claims in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

The causes of action asserted in Plaintiff's Complaint are barred by the doctrine of unclean hands as a result of the acts, conduct, and omissions of Plaintiff, the putative class, or of others that are attributable to them.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SIXTH AFFIRMATIVE DEFENSE

### (Preemption)

Plaintiffs and the putative class members' claims are preempted in whole or in part by the Food, Drug, and Cosmetic Act, 21 U.S.C. § 341, *et seq*. and other applicable federal laws and regulations.

## SEVENTH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction)

The claims in Plaintiff's Complaint claims are barred, in whole or in part, pursuant to the doctrine of primary jurisdiction because they raise issues that should be addressed in the first instance by the FDA.  The acts at issue are subject to direct, comprehensive federal government regulation.

## EIGHTH AFFIRMATIVE DEFENSE

### (Acquiescence/Ratification)

The causes of action asserted in Plaintiff's Complaint are barred by the doctrines of acquiescence and/or ratification as a result of the acts, conduct, and omissions of Plaintiff, the putative class, or of others that are attributable to them.

## NINTH AFFIRMATIVE DEFENSE

### (Justification/Privilege)

The causes of action asserted in Plaintiff's Complaint are barred because Defendant's alleged actions were justified and/or privileged under the circumstances.

## TENTH AFFIRMATIVE DEFENSE

### (Laches)

The causes of action asserted in Plaintiff's Complaint are barred by the doctrine of laches.

DLA Piper LLP (US)
Los Angeles

-13-
**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**
EAST\144949634.2

1

## ELEVENTH AFFIRMATIVE DEFENSE

2

(Waiver/Release)

3       Plaintiff and the putative class have waived and released whatever rights they

4   may have had to assert any alleged cause of action against Defendant, and are

5   therefore barred from asserting the purported causes of action in the Complaint.

6

## TWELFTH AFFIRMATIVE DEFENSE

7

(Improper Class Action)

8       To the extent Plaintiff purports to certify a class, Plaintiff's allegations do not

9   give rise to class status as there is no typicality, numerosity, commonality,

10   ascertainability, or adequate representation in this action.  The class action is also

11   not manageable or superior to individual actions.  Further, Plaintiff cannot certify a

12   nationwide class alleging violations of California law.

13

## THIRTEENTH AFFIRMATIVE DEFENSE

14

(Unjust Enrichment)

15       Plaintiff and the putative class would be unjustly enriched if allowed to

16   recover on the Complaint.

17

## FOURTEENTH AFFIRMATIVE DEFENSE

18

(Lack of Privity)

19   The Complaint's claims are barred, in whole or in part, by lack of privity.

20

## FIFHTEENTH AFFIRMATIVE DEFENSE

21

(Mootness)

22       The Complaint's claims are barred, in whole or in part, to the extent that the

23   claims or the relief sought are moot.

24

## SIXTEENTH AFFIRMATIVE DEFENSE

25

(Failure to Plead With Particularity)

26       The Complaint's fraud and misrepresentation-based claims are barred

27   because Plaintiff has failed to plead these causes of action with the requisite

28   particularity.

DLA Piper LLP (US)
Los Angeles

EAST\144949634.2

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Lack of Materiality)

Plaintiff and the putative class are barred from recovery on the fraud and misrepresentation-based claims because the representations and actions alleged by Plaintiff were not and are not material, in that they were not and are not likely to affect the decisions or conduct of consumers, or to have caused consumers to have chosen differently, but for such alleged representations or actions, in light of the information available and known to consumers, and in that the alleged representations and actions were not likely to mislead consumers acting reasonably under the circumstances.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Truth)

Plaintiff and the putative class are barred from recovery on the Complaint's fraud and misrepresentation-based claims because the underlying statements are true and not misleading.

## NINETEENTH AFFIRMATIVE DEFENSE

(No Actual or Reasonable Reliance)

Plaintiff and the putative class are not entitled to recover damages because they did not actually rely on Defendant's alleged statements.  And, even assuming they did rely on Defendant's alleged statements, such reliance was not reasonable.

## TWENTIETH AFFIRMATIVE DEFENSE

(No Intent to Deceive)

Plaintiff and the putative class are precluded from recovery on the fraud and misrepresentation-based claims because the representations and actions alleged in the Complaint were not intended by Defendant to deceive Plaintiff and the putative class, nor through the exercise of reasonable care could be known to deceive Plaintiff and the putative class.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Entitlement to Damages)

Plaintiff and the putative class are barred from any recovery because Plaintiff cannot show that he or members of the putative class are entitled to damages as a result of any acts or omissions by Defendant.  The Complaint's claim for restitution is further barred because the amount of damages, if any, is speculative, and because of the impossibility of ascertaining and allocating these alleged damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Entitlement to Attorneys' Fees)

Plaintiff's Complaint fails to state a claim for attorneys' fees or set forth facts sufficient to support such a claim.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Comply with California Civil Code § 1782(a))

The Complaint's cause of action for Violation of the California Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*, ("CLRA"), is barred due to defects in Plaintiff's CLRA notice and demand pursuant to California Civil Code § 1782(a).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Punitive or Exemplary Damages)

Although Defendant denies engaging in any conduct justifying an award of punitive damages, any such award would violate the excessive fines, due process, and other applicable clauses of the United States and California Constitutions, as well as other statutes.  The Complaint fails to state facts sufficient to support an award of punitive damages against Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Defenses As To Each Putative Class Member)

Defendant may have additional unique affirmative defenses applicable to different putative members of Plaintiff's proposed class.  Defendant reserves the

-16-

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
EAST\144949634.2

right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(No Regulatory Violation)

The Complaint is barred, in whole or in part, because Defendant has not violated any of the FDA regulations alleged in the Complaint.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Reservations to Raise Other Defenses)

Defendant hereby gives notice that they intend to rely upon such other and further affirmative defenses that may become available during discovery in this litigation and reserves the right to amend this Answer to assert any such defenses.

## PRAYER

**WHEREFORE**, Defendant requests that the Court enter a judgment against Plaintiff:

1.    That Plaintiff and the putative class take nothing by reason of the Complaint;

2.    That judgment be entered in favor of Defendant and against Plaintiff and the putative class;

///

///

DLA Piper LLP (US)
Los Angeles

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

EAST\144949634.2

1        3.    For costs and attorneys' fees incurred by Defendant herein, if and to

2 the extent permitted by law; and

3        4.    Granting such other and further relief as this Court may deem just and

4 proper.

5

6 Dated: July 17, 2017         **DLA PIPER LLP (US)**

7

8            By: /s/ Jeffrey A. Rosenfeld
                JEFFREY A. ROSENFELD

9                 RACHEL E. K. LOWE
                MONICA D. SCOTT

10                 SEAN R. CRAIN
                Attorneys for Defendant

11                 ZICO BEVERAGES LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

EAST\144949634.2

1

## **DEMAND FOR JURY TRIAL**

2

Defendant demands a trial by jury on all issues so triable.

3

4

Dated:  July 17, 2017                    **DLA PIPER LLP (US)**

5

6

By: /s/ Jeffrey A. Rosenfeld
  JEFFREY A. ROSENFELD
  RACHEL E. K. LOWE
  MONICA D. SCOTT
  SEAN R. CRAIN
  Attorneys for Defendant
  ZICO BEVERAGES LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28